The appellee, Lamar H. Gilbert, was convicted of two counts of rape, two counts of sodomy, and two counts of sexual abuse. Gilbert petitioned the court pursuant to Rule 20, A.R.Crim.P.Temp., for a new trial on the grounds that new evidence had been uncovered. Gilbert alleged in his petition that one of the jurors did not correctly answer questions posed to her on voir dire. The questions concerned whether she knew anyone who had been sexually abused. Several jurors testified at the evidentiary hearing that this juror who failed to answer these questions had stated at several times during the course of the jurors' deliberations that she had known a child that was sexually abused and that nothing had been done about it. The trial court, after hearing the jurors, granted Gilbert's petition and ordered that he be granted a new trial. The State of Alabama appeals this order.
The State argues on appeal that the petition should not have been granted, because, it argues, the petitioner failed to establish that the questions asked called for a response from the witness. Specifically, the State argues that, since the voir dire questions were not transcribed into the record, this court cannot determine if the questions asked called for a response from the prospective juror. We do not agree.
Two jurors who sat on Gilbert's trial testified at the Rule 20 hearing. They stated that during the voir dire examination they were asked if they knew anyone who had been a victim of sexual abuse. They also testified that no one responded to this question. The testimony of these two jurors was sufficient to establish the questions that were asked during the voir dire examination. Furthermore, the assistant district attorney who tried the case testified to the following at the hearing:
 "Reviewing my handwritten voir dire that I had, the questions would have been: Have any of you as a child ever been abused or sexually assaulted? Have any of you had any relatives whose children were abused or sexually assaulted? Do any of you know victims of sexual abuse? Do any of you know anyone who has been charged with sexual abuse? And I asked some other questions also."
The following occurred during the direct examination of one of the jurors:
 "Q — When you went back in the second time, do you recall whether or not Ms. *Page 878 
Whitley again presented to you this information about this person she had previously known that was a victim of child abuse?
"A — Yes, she did.
 "Q — In fact, at that time that she was relating this to you, were you in fact in favor of an acquittal?
"A — Yes, sir.
"Ms. Moquin (prosecutor): Your Honor, I object.
"The Court: Overruled.
"A — Yes, sir.
 "Q — Did this have any — the information that Ms. Whitley related to you, did it have any bearing or did it affect you in any way in your changing your position?
"A — Yes, it did."
It is well settled that " 'Parties have a right to have questions answered truthfully by prospective jurors to enable them to exercise their discretion wisely in exercising their peremptory strikes.' " Ex parte O'Leary, 438 So.2d 1372, 1373
(Ala. 1983); (quoting Ex parte O'Leary, 417 So.2d 232, 240
(Ala. 1982)).
As this Court stated in Dumas v. State, 491 So.2d 1083
(Ala.Cr.App. 1986):
 " 'The test of vitiating influence is not that it did influence a member of the jury to act without the evidence, but that it might have unlawfully influenced that juror and others with whom he deliberated, and might have unlawfully influenced its verdict rendered.' "
Dumas, 491 So.2d at 1086; quoting Ex parte Troha,462 So.2d 953, 954 (Ala. 1984).
The testimony at the Rule 20 hearing more than satisfies that test. Juror Whitley's comments made prior to the jury's deciding on a verdict, "might have unlawfully influenced" the decisions of her fellow jurors. The trial court was correct in granting Gilbert's Rule 20 petition.
AFFIRMED.
All the Judges concur.