ON APPLICATION FOR REHEARING
The opinion previously issued in this case is hereby withdrawn and the following substituted therefor.
The Circuit Court for Madison County granted the appellee's petition for post-conviction *Page 1259 
relief under Rule 32, A.R.Crim.P. The State of Alabama appeals.
In August 1984, Freeman was convicted of the rape and murder of a two-and-one-half-year-old child. The jury recommended a sentence of life imprisonment without the possibility of parole; the trial court overrode the jury's recommendation and sentenced the appellant to death by electrocution for this terrible crime. In 1988 the appellant's conviction and sentence to death were affirmed. Freeman v. State, 555 So.2d 196
(Ala.Cr.App. 988). The Supreme Court of Alabama affirmed this court's judgment. Ex parte Freeman, 555 So.2d 215 (Ala. 989). The United States Supreme Court denied certiorari review.Freeman v. Alabama, 496 U.S. 912, 110 S.Ct. 2604,110 L.Ed.2d 284 (1990).
Freeman subsequently discovered that the foreman of the jury that had convicted him was a former police officer. The foreman did not disclose this fact during voir dire questioning. Freeman filed a petition for post-conviction relief on December 10, 1990, alleging that as a result of this failure on the part of the foreman to disclose his right to a fair trial had been violated. The circuit court held an evidentiary hearing, granted Freeman's petition, set aside his conviction and death sentence, and ordered that Freeman be retried. The State appeals.
The State contends on appeal that the trial court should have never reached the merits of Freeman's claim concerning the failure of the prospective juror to truthfully answer a question posed to him on voir dire. Specifically, the State contends that this issue was procedurally barred because it should have been raised at trial or on direct appeal and was not. Rule 32.2(a)(3), (5), A.R.Crim.P.
Because this court is obliged to search the record for plain error in a case in which the death penalty is imposed, Rule 45(A), A.R.App.P., this court would have addressed this issue and reversed the judgment on direct appeal had the record shown that the foreman of the jury had been a police officer in Lansdale, Pennsylvania, and had not made this fact known during voir dire questioning. Here, defense counsel was not aware of this fact until approximately one week before the evidentiary hearing on the Rule 32 petition; at that time Freeman amended his petition to present this issue for the first time. As defense counsel stated at the evidentiary hearing, "In doing routine juror interviews we uncovered this information and filed the amended petition immediately after that information was made available to us." We hold that the issue was not procedurally barred under Rule 32.2(a)(4) and (5), A.R.Crim.P., because the fact that the juror had been a policeman was not known at the time of trial or at the time of direct appeal.
Freeman's allegation concerning the juror constitutes newly discovered evidence, State v. Gilbert, 568 So.2d 876
(Ala.Cr.App. 990), and, therefore, it was not procedurally barred by Rule 32.2(a)(4) and (5). Upon defense counsel's discovery of this evidence, the Rule 32 petition was promptly amended. The trial court correctly ruled on the merits of Freeman's claim and granted the petition.
An accused is constitutionally guaranteed the right to be tried by an "impartial" jury. U.S. Const. Amend. VI. "In Alabama, a defendant has the right to strike a petit jury from a panel of fairminded, impartial prospective jurors."Hunter v. State, 585 So.2d 220, n. 1 (Ala.Cr.App. 991). This right was violated here.
It is fundamental to our system of impartial justice that " '[p]arties have a right to have questions answered truthfully by prospective jurors to enable them to exercise their discretion wisely in exercising their peremptory strikes.' "Ex parte O'Leary, 438 So.2d 1372, 1373 (Ala. 983) (quoting Exparte O'Leary, 417 So.2d 232, 240 (Ala. 982)); State v.Gilbert, supra; Little v. State, 339 So.2d 1071
(Ala.Cr.App. 976), cert. denied, 339 So.2d 1073 (Ala. 976);Coalite, Inc. v. Weeks, 284 Ala. 219, 224 So.2d 251 (1969).
Does the failure of the juror to answer the question posed by defense counsel *Page 1260 
require a new trial? Yes. The measuring stick to be applied, as set forth in Ex parte Lasley, 505 So.2d 1263 (Ala. 987), is whether the action of the juror " 'might have unlawfully influenced' " the verdict. 505 So.2d at 1264 (emphasis added inEx parte Lasley); quoting Roan v. State, 225 Ala. 428, 435,143 So. 454, 460 (1932). "This test casts a 'light burden' on the defendant." 505 So.2d at 1264. See Ex parte Troha,462 So.2d 953 (Ala. 984). See also Gilbert, supra; Dumas v. State,491 So.2d 1083 (Ala.Cr.App. 986).
The juror in this case not only served on the jury but was elected foreman. In addition, the juror testified during the evidentiary hearing that he had handled cases of child abuse and child sexual abuse while he was a police officer and that he had testified in court many times in such cases on behalf of the prosecution. Defense counsel stated during the hearing that if the juror had answered on voir dire that he had been a police officer he would have dismissed him from the panel of prospective jurors.
The Alabama Supreme Court, in Ex parte Ledbetter,404 So.2d 731 (Ala. 981), faced a similar issue in a case in which one veniremember had failed to answer that he was employed in law enforcement. Two veniremembers who responded that they were law enforcement officers were dismissed from the jury panel by the defendant's counsel. The Court stated:
 " 'Where the party has examined the jurors concerning their qualifications, and they do not answer truly, it is manifest that he is deprived of his right of challenge for cause, and is deceived into foregoing his right of peremptory challenge. . . .'
 "It would, it seems to us, be the rankest casuistry to contend that there was no probable injury to defendant by the concealment of the juror, aforesaid. It is but natural that [a juror employed in law enforcement], as a general proposition, who . . . had arrested persons guilty of similar misconduct, . . . would stand less indifferent than a layman, free from the tug of such former professional influences."
404 So.2d at 733-34, quoting Leach v. State, 31 Ala. App. 390,18 So.2d 285 (1944), cert. denied, 245 Ala. 539, 18 So.2d 289
(Ala. 944).
"[W]e cannot abide by a practice allowing potential jurors to deprive defendants in criminal actions of the right to truthfully know jurors' biases and thus prevent defendants from properly utilizing their jury strikes and ultimately resulting in probable prejudice." Warrick v. State, 460 So.2d 320, 325
(Ala.Cr.App. 984).
Finally, the state asserts the harmless error doctrine, arguing that the evidence against Freeman was overwhelming. This issue was addressed by the Alabama Supreme Court in Exparte Lowe, 514 So.2d 1049 (Ala. 987):
 "[T]he proper inquiry here is not whether evidence of the defendant's guilt is overwhelming but, instead, whether a substantial right of the defendant has or probably has been adversely affected. . . . Overwhelming evidence of guilt does not render prejudicial error harmless under Rule 45, Ala.R.App.P."
514 So.2d at 1050.
Freeman was denied his right to be tried by an impartial jury as guaranteed by the Sixth Amendment to the United States Constitution. The trial court applied the law in the only way it could when it granted the appellant's petition and ordered a new trial. The judgment of the trial court is affirmed.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; JUDGMENT AFFIRMED.
All the Judges concur.
 *Page 332