This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
This is an appeal by the State of the trial court's order granting Chester Whitley's Rule 32, Ala.R.Crim.P., petition challenging his conviction for murder. Following an evidentiary hearing, the trial court entered the following order:
"I
 "The Court will address the grounds in Defendant's petition.
GROUND 1
 "A. Defendant claims that the petition jury was unconstitutionally selected and *Page 999 
impaneled in that the State struck certain jurors for their age in violation of Batson v. Kentucky.
The matter of Defendant's Batson motion was decided adversely to Defendant by the Court of Criminal Appeals [607 So.2d 354, 356-358]; therefore, this ground is barred.
 "B. Defendant also claims that the jury was unconstitutionally selected and impaneled because one of the jurors, who became the jury foreman, failed to disclose during voir dire that his stepmother was an employee at the Russell County jail.
 Defendant's trial attorney testified this would have influenced his striking of jurors. 'The measuring stick to be applied . . . is whether the action of the juror might have unlawfully influenced the verdict . . . This test casts a light burden on the Defendant.' State v. Freeman, 605 So.2d 1258, 1260 (Ala.Cr.App. 1992). In Freeman
the Court of Criminal Appeals reversed the conviction and remanded the case for a retrial where the jury foreman failed to disclose that he had been a former police officer. Accord, Ex Parte Ledbetter, 404 So.2d 731 (Ala. 1981).
 Ex parte Lowe, 514 So.2d 1049 (Ala. 1987), addresses the argument of harmless error in that the State would contend the evidence against Defendant was overwhelming. There the Supreme Court held overwhelming evidence of guilt does not render prejudicial error to be harmless. The Freeman
decision applied this rule.
 The court cannot distinguish Freeman from the case sub judice; therefore, the court must find that Defendant was denied his right to be tried by an impartial jury as guaranteed by the Sixth Amendment to the United States Constitution. Defendant's petition should be granted on this ground and a new trial be ordered.
"II
 "The court will proceed to address the other grounds as required by Rule 32.
"GROUND 2
 "Defendant claims he received ineffective assistance of counsel on the following bases:
"(1) inadequate preparation for trial,
 "(2) failed to request mental review of Defendant,
"(3) failed to investigate all areas of defense,
 "(4) failed to object to incriminating remarks during closing argument,
"(5) did not question the jury,
 "(6) failed to object to the trial court's denial of the victim's prior record into evidence,
 "(7) failed to make a Batson objection on the basis of age,
 "(8) failed to utilize Defendant's defense of self-defense,
 "(9) failed to file pretrial motions other than a motion to suppress,
 "(10) failed to object to incriminating remarks and allegations made by the District Attorney, and
 "(11) failed to argue Defendant's right to a speedy trial was violated.
 "The court finds that Defendant received effective assistance of counsel. Defendant's attorney had extensive experience in the trial of criminal cases and specifically in homicide cases. Regarding specific claims of Defendant about ineffective assistance of counsel:
 "A. Defendant's argument based on a speedy trial violation has no merit. He was an intrastate prisoner before being brought to Russell County for trial. The Uniform Mandatory Disposition of Detainers Act, §§ 15-9-80 et seq., did not apply to Defendant. See Downing v. State, 620 So.2d 983
(Ala.Cr.App. 1993).
 "B. Defendant's claim that the District Attorney made inflammatory statements during the closing arguments. Defendant's attorney could have decided as a matter of tactics not to emphasize any statement of the prosecutor by objecting to the statement. See Johnson v. State, 612 So.2d 1288
(Ala.Cr.App. 1992). Additionally, the attorney could have decided the statements of which Defendant now complains would not be so prejudicial that he should object. See U.S. v. Willis, 759 F.2d 1486
(11th Cir. 1985). *Page 1000 
 "Defendant's claim regarding the statement of the District Attorney . . . that Defendant was an 'artist with a knife' is due to be denied. This was made during cross-examination of Defendant. The objections of Defendant's attorney [were] sustained to this remark and Defendant's motion for a mistrial was denied. (Trial Record p. 209).
 "C. Defendant's claim that Defendant failed to utilize his claim of self-defense is without merit. The evidence at trial showed that Defendant had a small cut on one finger and the victim sustained over 27 stab wounds, 16 of which were in the back. In view of these undisputed facts, Defendant's trial attorney could reasonably have believed it was better for the jury to focus on other matters than for the jury to have its principal focus on Defendant's credibility regarding self-defense. (Cf. Bethune v. State, 502 So.2d 386 (Ala.Cr.App. 1986)).
 "D. Regarding Defendant's claim of failing to obtain a mental review of Defendant, the court finds there was no basis for the review for the trial attorney to make such a request. The trial attorney testified that Defendant did not say anything about questioning his mental condition. There is no evidence to support a request for a mental review.
 "Finally, the court notes that Defendant has failed to show there was a reasonable probability, except for the claimed deficiencies by his attorney, that the trial would have been different. Ex parte Lawley, 512 So.2d 1370
(Ala. 1987).
"GROUND 3
 "Defendant claims that a confession was improperly induced by a deputy's offer to have the bond for his pregnant wife lowered. Defendant's wife was arrested in May, 1991, two days before Defendant. Defendant completed a statement around 11:40 a.m. on May 3, 1991. Around 3:00 p.m. that same day a motion was presented to the District Judge to reduce the bond for Defendant's wife from $100,000.00 to $20,000.00.
 "The court finds that this ground is barred because it could have been presented on appeal.
 "Beyond this procedural bar, the court finds it is without merit.
 "The deputy testified that when Defendant turned himself in, Defendant said his wife and brother had nothing to do with the incident. The deputy testified that the Defendant's wife's bond was lowered after the investigation was completed. The District Attorney testified that the State agreed with the motion to reduce the wife's bond so that the county would not be responsible for the wife's medical expenses.
 "In the context of this case, the court overruled Defendant's motion to suppress at trial and the court again rules that there was no inducement so that Defendant's confession was involuntary.
 "Moreover, Defendant is the person who initiated the issue of his wife being released. Defendant surrendered because his wife and brother were in custody. The third co-defendant had been released on bond the day before. Defendant's motivation to surrender and to make a statement was to help obtain the release of his wife and brother. This is supported by Defendant's present petition, which states that Defendant surrendered at the county jail after his brother had been arrested and charged with murder.
 "Defendant understandably desired to help his wife and brother, and get them out of jail. This was the reason for Defendant's statement; therefore, Defendant's statement was not involuntary. See Thomas v. State, 531 So.2d 45
(Ala.Cr.App. 1988).
"GROUND 4
 "Defendant claims that the Habitual Felony Offender Act was arbitrarily imposed upon him. There is no evidence to support this. See Calhoun v. State, 530 So.2d 259 (Ala.Cr.App. 1988).
"GROUND 5
 "Defendant claims that prior convictions were used to enhance the punishment of previous felony convictions before the conviction *Page 1001 
in this case. As such, Defendant's first two convictions have been used three times under the Habitual Offender Law.
 "This claim was not presented at trial or on appeal and is bared; however, the court will address its merits and finds that there is no judicial authority for this claim. This act has uniformly been declared constitutional. See Williams v. State, 393 So.2d 492 (Ala.Cr.App. 1981).
"III
 "For the reason stated in Part I, (juror's failure to answer voir dire question), the court finds that Defendant's petition must be granted. If not for the juror's failure to answer the voir dire question, the court would deny Defendant's petition for the remaining reasons in Part I and Part II."
(R. 53-60.)
The State argues on appeal that the trial court should never have addressed the merits of the juror's failure to answer the voir dire question because this ground was procedurally barred. We agree with the State that this ground should have been, but was not, raised on appeal and it is therefore precluded under Rule 32.2(a)(5), Ala.R.Crim.P.
This case is clearly distinguishable from State v. Freeman,605 So.2d 1258 (Ala.Crim.App. 1992). In Freeman, this court held that the defendant's right to a fair trial was violated because the jury foreman failed to disclose during voir dire examination that he was a former police officer. We found that this ground was not precluded because this fact was not discovered until one week before the evidentiary hearing on the defendant's Rule 32 petition and, therefore, was newly discovered evidence. See Rule 32.1(e). In this case, it appears that the appellant was aware of the information regarding the juror soon after the trial of this case. The following was included in the appellant's timely pro se motion for a new trial:
 "3. Petitioner alleges that M.R. [the juror in question] has a family member working for the Russell County Sheriff's Department which he failed to notify the Court of, a jail personal [sic], Mrs. T.R."
(Trial record, p. 138). Thus, in this case, the fact that M.R. failed to disclose during voir dire that he had a relative who was an employee of the sheriffs department was not newly discovered evidence. To constitute newly discovered evidence, the facts relied upon must not be "known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence." Rule 32.1(e)(1), Ala.R.Crim.P. Clearly, the appellant was aware that M.R. had failed to disclose during voir dire that he had a relative who was employed by the sheriff's department before he filed his motion for a new trial. This ground could have been offered on appeal. It, however, was not, see Whitley v. State,607 So.2d 354 (Ala.Crim.App. 1992); therefore, this ground is precluded. Rule 32.2(a)(5), Ala.R.Crim.P.
The trial court meticulously addressed all of the other grounds asserted by the appellant in his petition and it found the other grounds to be either precluded or without merit. The trial court's findings on the other allegations raised by the appellant are supported by the record. The trial court erred by granting the appellant's Rule 32 petition on the basis of a juror's failure to answer a voir dire question. Therefore, the judgment is reversed and this cause is remanded to the trial court with instructions that the trial court set aside its judgment granting the petition and take appropriate action consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur except LONG, J., who recuses. *Page 1002