811 So.2d 633 (2000)
Roy BURGESS, Jr.
v.
STATE.
CR-94-0475.
Court of Criminal Appeals of Alabama.
September 29, 2000.
Opinion on Return to Remand August 31, 2001.
Roy Scott Anderson, Decatur; Joseph W. Propst II, Decatur; Bryan A. Stevenson, Montgomery; and Shelly Slate Waters, Decatur, for appellant.
Bill Pryor, atty. gen., and Michael B. Billingsley, asst. atty. gen., for appellee.

On Remand from the Alabama Supreme Court
LONG, Presiding Judge.
On the authority of Ex parte Burgess, 811 So.2d 617 (Ala.2000), that part of the judgment of the circuit court sentencing Burgess to death is reversed, and this cause is remanded to the Circuit Court for Morgan County with instructions for that court "to reevaluate Burgess's sentence and to consider whether, given Burgess's age, the treatment of the other participants, the jury's sentencing recommendation, and the fact that Burgess has no significant history of prior criminal activity, a death sentence is disproportionate in this case." Ex parte Burgess, 811 So.2d at 629. The circuit court is instructed to resentence Burgess in a manner consistent with the Supreme Court's opinion and, thereafter, to submit a written order including its findings and conclusions to this court within 90 days of the date of this opinion.
REVERSED AS TO SENTENCE AND REMANDED WITH INSTRUCTIONS.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

On Return to Remand
WISE, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Wise on January 16, 2001.
Roy Burgess, Jr., was convicted of murder made capital because it was committed during the course of a robbery in the first degree. See § 13A-5-40(a)(2), Ala.Code 1975. The jury recommended that Burgess be sentenced to life imprisonment without the possibility of parole; the trial court overrode the jury's recommendation and sentenced Burgess to death.
On December 18, 1998, this Court affirmed Burgess's conviction and sentence. Burgess v. State, 811 So.2d 557 (Ala.Crim. *634 App.1998). Burgess petitioned the Alabama Supreme Court for certiorari review. The Supreme Court granted the petition, pursuant to former Rule 39(c), Ala. R.App.P.[1] On July 21, 2000, the Supreme Court affirmed Burgess's conviction, but reversed the sentence of death, and remanded the case to this Court, holding: (1) that the trial court, during the sentencing phase, had improperly considered Burgess's juvenile adjudications to negate the mitigating circumstances; and (2) that the trial court should have considered as mitigation the fact that all other participants in the offense received complete immunity from prosecution. Ex parte Burgess, 811 So.2d 617 (Ala.2000).
On September 29, 2000, in accordance with the Supreme Court's opinion in Ex parte Burgess, this Court remanded this case to the trial court for resentencing, with instructions for that court to "`reevaluate Burgess's sentence and to consider whether, given Burgess's age, the treatment of the other participants, the jury's sentencing recommendation, and the fact that Burgess has no significant history of prior criminal activity, a death sentence is disproportionate in this case.'" Burgess v. State, 811 So.2d 633, 633 (Ala.Crim.App. 2000) (quoting Ex parte Burgess, 811 So.2d at 629). On remand, the trial court reweighed the aggravating circumstances and the mitigating circumstances and determined that the death penalty was not justified in this case. Therefore, on May 22, 2001, it resentenced Burgess to life imprisonment without the possibility of parole. Based on the evidence presented during the guilt phase and the penalty phase of the trial, we find that sentence to be appropriate. Accordingly, we affirm the judgment of the trial court resentencing Burgess to life imprisonment without the possibility of parole.
AFFIRMED AS TO SENTENCE.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
NOTES
[1] Rule 39, Ala.R.App.P., was amended, effective May 19, 2000, as to death-penalty cases, changing the standard for certiorari review of criminal cases in which the death penalty is imposed. At the time of Burgess's petition, Rule 39(c) provided that a petition for a writ of certiorari to the Supreme Court in a case in which the death penalty was imposed would be granted as a matter of right.