McMILLAN, Presiding Judge.
 

 The appellant, Roy Burgess, Jr., appeals from the trial court’s order summarily dismissing his Rule 32, Ala. R.Crim. P., petition for postconviction relief.
 

 Burgess was convicted of murder, made capital because it was committed during a robbery in the first degree, § 13A-5-40(a)(2), Ala.Code 1975. He was sentenced to life imprisonment without parole.
 

 In his Rule 32 petition, Burgess alleges that juror misconduct, in the form of a juror’s failure to respond to voir dire, deprived him of a fair trial. More particularly, he claims that a juror failed to disclose that the juror knew one of the State’s witnesses and had a family member in law enforcement; that another juror failed to disclose an acquaintanceship with a police officer; and that another juror had a close friend who worked for a police department during the time of trial. Burgess also alleged that several jurors failed to disclose that they or close family members had been victims of crime. Lastly, Burgess alleged that one of the jurors was a personal acquaintance of the district attorney’s and that the district attorney had assisted the juror in some matter before trial, and that this was not disclosed. Burgess argues that he “only recently” discovered these items of nondisclosure.
 

 The State requests this Court to remand this case to the trial court to determine the factual basis of Burgess’s allegations that several jurors failed to fully respond to voir dire questions and to determine when and how Burgess discovered the basis of these claims, and if the claims could have been raised by newly appointed appellate counsel in Burgess’s motion for a new trial. The trial court is not required to conduct an evidentiary hearing but may obtain the information in any manner necessary, in-
 
 *746
 
 eluding either pleadings or affidavits, to make specific findings of fact.
 

 We pretermit discussion of any remaining claims raised by Burgess until the trial court files a return to our remand. The return to remand should be filed with this Court with 42 days of the release of this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 

 COBB, BASCHAB, SHAW, and WISE, JJ., concur.