LYONS, Justice.
 

 Roy Burgess, Jr., petitioned this Court for a writ of certiorari to review whether the Court of Criminal Appeals erred in affirming the Morgan Circuit Court’s denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. We issued the writ of certiorari to review only whether Burgess’s claims of juror misconduct, arising from the alleged failure of several jurors to accurately answer questions during the voir dire examination, are precluded under Rule 32.2(a)(3) and (5), Ala. R.Crim. P. For the reasons discussed below, we hold that the claims are not precluded, and we reverse the judgment of the Court of Criminal Appeals and remand the case.
 

 I.
 
 Facts and Procedural History
 

 Burgess was convicted of capital murder and was sentenced to death in 1994. See § 13A-5-40(a)(2), Ala.Code 1975. On direct appeal, the Court of Criminal Appeals affirmed Burgess’s conviction and sentence.
 
 Burgess v. State,
 
 811 So.2d 557 (Ala.Crim.App.1998). This Court affirmed Burgess’s conviction, reversed his death sentence, and remanded the cause to the Court of Criminal Appeals with instructions for that court to remand the cause to the trial court for resentencing.
 
 Ex parte Burgess,
 
 811 So.2d 617 (Ala.2000).
 

 In accordance with this Court’s instructions, the Court of Criminal Appeals remanded the cause to the trial court for that court to reevaluate Burgess’s sentence.
 
 Burgess v. State,
 
 811 So.2d 633 (Ala.Crim.App.2000). On remand, the trial court resentenced Burgess to life imprisonment without the possibility of parole; the Court of Criminal Appeals affirmed that sentence.
 
 Burgess v. State,
 
 811 So.2d 633 (Ala.Crim.App.2001) (opinion on return to remand).
 

 Burgess first filed a Rule 32 petition for postconviction relief in July 2002. He then amended the petition in January 2003 and again in November 2004. Claim 13 of the petition, as last amended, asserted that “[Burgess’s] right to [an] impartial jury was violated by jurors’ consideration of extraneous evidence and failure to accurately answer voir dire questions.” Burgess supported this claim as follows:
 

 “110. ... Juror T.B. failed to disclose that he knew one of the State’s witnesses, Angela Casey, and that he had a family member who worked in law enforcement, as a military policeman and later in a sheriff’s department in North Carolina. Juror L.T. failed to disclose that she knew a number of police officers. A very close friend whom L.T. refers to as her ‘granddaughter’ worked for the police department at the time of trial, yet L.T. did not reveal this information during voir dire.
 

 “111. Juror D.C. failed to reveal that he had been the victim of a crime in 1985. He further failed to tell the court that he testified for his Lieutenant in court martial proceedings while he was in the Army. Juror L.T. failed to disclose that she had been a victim of crime
 
 *748
 
 when her business was burglarized. Juror B.W. failed to disclose that she was the victim of a burglary. Juror R.W. also failed to reveal that she was the victim of a crime. Juror T.W. did not reveal that his aunt had been raped and severely beaten.
 

 “112. Juror F.D. failed to tell the court that she had children who had attended Austin High School.[
 
 1
 
 ] Of the two veniremembers who disclosed that they had a child or grandchild who attended Austin High School, one was removed for cause on a defense motion and one was peremptorily struck by the defense.
 

 “113. Juror C.H. failed to disclose that she had a personal relationship with the district attorney and that he had assisted her in a personal matter before the trial. Although [Burgess’s] Motion to require the district attorney to disclose past or present associations or relationships with prospective jurors was granted, the district attorney did not reveal that he had met privately with C.H. and helped her to resolve a personal matter. Veniremembers who disclosed even remote associations with the district attorney or members of his family were not seated on the jury.”
 

 (Citations to the record omitted.)
 

 The trial court summarily dismissed Burgess’s Rule 32 petition. In its order, the trial court found that the claims of juror misconduct were precluded from review under Rule 32.2(a)(3) and (5), Ala. R.Crim. P., because the claims were not raised on appeal or in Burgess’s motion for a new trial. Rule 32.2, Ala. R.Crim. P., “Preclusion of Remedy,” provides:
 

 “(a) Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground:
 

 [[Image here]]
 

 “(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
 

 [[Image here]]
 

 “(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).”
 

 The trial court further found that “Burgess has presented no evidence to support the allegations contained in his petition for relief pursuant to Rule 32, A[la]. R.Crim. P.” Burgess appealed the order dismissing his Rule 32 petition to the Court of Criminal Appeals.
 

 The Court of Criminal Appeals remanded the cause to the trial court for a determination of “the factual basis of Burgess’s allegations that several jurors failed to fully respond to voir dire questions and to determine when and how Burgess discovered the basis of these claims, and if the claims could have been raised by newly appointed counsel in Burgess’s motion for a new trial.”
 
 Burgess v. State,
 
 21 So.3d 745 (Ala.Crim.App.2006).
 

 The State sent the trial court a copy of its brief on direct appeal and a letter explaining its position on remand. The trial court then ordered Burgess to file the following:
 

 “1. Copy of [Burgess’s] brief on appeal of his original conviction specifically including all issues raised on appeal;
 

 “2. Statement(s) setting forth with specificity the factual basis of [Burgess’s] allegations that several jurors failed to fully respond to voir dire questions; and
 

 “3. Statement(s) setting forth with specificity when and how [Burgess]
 
 *749
 
 and/or his counsel discovered the basis. of [Burgess’s] allegations that several jurors failed to fully respond to voir dire questions.”
 

 In response to the trial court’s order for statements “setting forth with specificity the factual basis of [Burgess’s] allegations” of juror misconduct, Burgess proffered the following as facts:
 

 “1. Juror D.C. was a victim of a crime. His car was vandalized and the top was cut off in Decatur. He once testified for his Lieutenant who was charged in a court martial.
 

 “2. Juror R.W. was a victim of crime when her car was vandalized while she was at work.
 

 “3. Juror L.T. was a victim of crime when someone broke into her dry cleaning store before trial. The police came and said that the thief must have had a key. She got up on a ladder and saw that the burglar got in through the top of the building. She suspected the husband of one of her customers.
 

 “4. Juror L.T. knew a lot of people in law enforcement because as a dry cleaner she did some Decatur Police Department officers’ clothes and uniforms. She has a very close friend — whom she calls her granddaughter — who was in the police department for a long time and was working in law enforcement at the time of trial.
 

 “5. Juror L.T.’s grandson attended Austin High School before 1994.
 

 “6. Juror T.B. had a cousin who was a military policeman in the Army and then in the sheriff’s department in North Carolina. He knew Angela Casey [one of the State’s witnesses] at the time of the trial because her younger brother and his son played baseball together.
 

 “7. Juror C.H. knew district attorney Bob Burrell. She had been to his office to talk to him about a personal matter. After the trial, she received a letter from Bob Burrell, thanking her for being on the jury.”
 

 Burgess supported this proffer with affidavits from John Mays, an attorney who had represented Burgess during the trial, and three jurors. In his affidavit, Mays stated that before the trial
 

 “the defense filed a motion to require the district attorney [Bob Burrell] to disclose past or present associations or relationships with prospective jurors, and our motion was granted. Had prospective juror C.H. disclosed during voir dire that she had a personal relationship with the district attorney and that he had assisted her in a personal matter before the trial, I would have challenged her for cause or exercised a peremptory strike to excuse her from the jury.”
 

 In response to the trial court’s order for statements “setting forth with specificity when and how [Burgess] and/or his counsel discovered the basis of [Burgess’s] allegations that several jurors failed to fully respond to voir dire questions,” Burgess’s attorney in his Rule 32 proceeding stated that the “failure-to-disclose claims were discovered by undersigned counsel in a postconviction investigation.” Burgess’s attorney then asserted that Burgess’s “claims were not raised at trial or on direct appeal because counsel had no information that such misconduct had occurred and therefore was under no obligation to raise the claims.”
 

 The trial court did not hold an evidentia-ry hearing. Based upon the submissions from Burgess and the State, the trial court entered an order on remand from the Court of Criminal Appeals summarily denying Burgess’s Rule 32 petition. That order states, in pertinent part:
 

 “In response [to the Court of Criminal Appeals’ remand order], [Burgess] de
 
 *750
 
 tails the assertions of juror misconduct claims in Grounds 13 and 14[
 
 2
 
 ] of his Rule 32 petition as twice amended. [Burgess] claims the information of alleged juror misconduct was discovered as a result of [a] postconviction relief investigation.
 

 “The Court finds that the information obtained from the jurors was available to newly appointed appellate counsel and could have been raised in [Burgess’s] Motion for New Trial. All counsel had to do was to interview the jurors in post-trial interviews just as was done by [Burgess’s] counsel herein. Notwithstanding [Burgess’s] claims of misconduct, none of the jurors state the outcome of deliberations would have been different or that they were wrongly influenced in their decisions and deliberations.”
 

 On return to remand, the Court of Criminal Appeals, in an unpublished memorandum, affirmed the trial court’s order denying Burgess’s Rule 32 petition.
 
 Burgess v. State
 
 (No. CR-05-0421, Dec. 14, 2007). As to the claims of juror misconduct, that court held:
 

 “With regard to [Burgess’s] ‘juror misconduct’ claims, the trial court was correct in finding that the aforestated claims [arising from the jurors’ alleged failure to answer questions accurately during voir dire] were procedurally barred from review, because they could have been presented in [Burgess’s] motion for new trial. Rule 32.2(a)(3), Ala. R.Crim. P. Additionally, the remaining claims of juror misconduct are bare allegations unsupported by facts; this includes [Burgess’s] assertion that certain jury members engaged in improper deliberations when they positioned chairs to approximate where the parties were seated in the car when [Burgess] shot the victim, and his assertion that the jury wrongly considered religious material in the victim’s car, as well as praying and considering Bible passages. Therefore, the trial court was correct in finding that [Burgess] had failed to meet the necessary burden of pleading. Rule 32.2, Ala. R.Crim. P.”
 

 Burgess then petitioned this Court for certiorari review of the decision of the Court of Criminal Appeals. We granted the petition to determine whether the decision of the Court of Criminal Appeals in this case conflicts with
 
 Ex parte Pierce,
 
 851 So.2d 606 (Ala.2000),
 
 Ex parte Dobyne,
 
 805 So.2d 763 (Ala.2001), and
 
 DeBruce v. State,
 
 890 So.2d 1068 (Ala.Crim.App.2003).
 

 II.
 
 Standard of Review
 

 “ ‘This Court reviews pure questions of law in criminal cases de novo.’ ”
 
 Ex paite Morrow,
 
 915 So.2d 539, 541 (Ala. 2004) (quoting
 
 Ex parte Key,
 
 890 So.2d 1056,1059 (Ala.2003)).
 

 III.
 
 Analysis
 

 The dispositive issue before us is whether the Court of Criminal Appeals correctly held that Burgess’s claims that several jurors failed to answer accurately questions during the voir dire examination are precluded by Rule 32.2(a)(3) and (5), Ala. R.Crim. P., because Burgess raised these claims for the first time in a Rule 32 petition for postconviction relief. In
 
 Ex parte Pierce,
 
 this Court held that a claim of juror misconduct raised in a postconviction petition shall not be treated as a claim of newly discovered evidence under Rule 32.1(e), Ala. R.Crim. P. Rule 32.1(e) requires that the newly discovered evidence prove that the defendant is innocent of the
 
 *751
 
 crime for which he or she was convicted or that the defendant should not have received the sentence he or she received. This Court recognized that requiring a petitioner to satisfy all the elements of the first prong, and the one with which we are concerned here,
 
 [3]
 
 “create[s] a nearly impossible standard” that resulted in juror-misconduct claims rarely being raised in Rule 32 petitions.
 
 Ex parte Pierce,
 
 851 So.2d at 614. This Court held that a claim of juror misconduct shall be treated as a “constitutional violation that would require a new trial” under Rule 32.1(a).
 
 Ex parte Pierce,
 
 851 So.2d at 612. “To be entitled to that relief, however, [the petitioner] must avoid the preclusive effect of Rule 32.2(a)(3) and (5); those provisions bar a defendant from presenting in a Rule 32 postconviction petition a claim that could have been raised at trial or on direct appeal.”
 
 Ex parte Pierce,
 
 851 So.2d at 612.
 

 Burgess contends that the Court of Criminal Appeals erred in affirming the trial court’s judgment holding that his juror-misconduct claims are precluded because he raised these claims for the first time in a Rule 32 petition. Burgess argues that, under Alabama law, a claim of juror misconduct is cognizable in a Rule 32 petition when the juror misconduct was not known to trial or appellate counsel and was not apparent from the record. Burgess asserts that he properly raised his claims of juror misconduct in a Rule 32 petition because, he says, neither he nor his counsel was aware of the alleged juror misconduct until postconviction proceedings, and nothing occurred during the trial or appears in the record that could have alerted him or his counsel to the jurors’ nondisclosure of information. Burgess also contends that nothing in the law requires a defendant to investigate jurors and that he was not afforded any funds or resources to conduct such an investigation.
 

 Burgess cites
 
 Ex parte Pierce
 
 and
 
 De-Bruce
 
 to support his contention that this Court and the Court of Criminal Appeals have long held that a juror-misconduct claim is cognizable in a Rule 32 petition when evidence of juror misconduct is not apparent from the record and the evidence was discovered during postconviction interviews. In
 
 Ex parte Pierce,
 
 this Court held that “[bjased on the Court of Criminal Appeals’ opinion in
 
 [State v.J Freeman,
 
 [605 So.2d 1258 (Ala.Crim.App.1992) ], Pierce’s claim [of juror misconduct] was cognizable [in a Rule 32 petition] as long as he established that the information was not known, and could not reasonably have been discovered, at trial or in time to raise the issue in a motion for new trial or on appeal.” 851 So.2d at 616. This Court remanded the case “for the Court of Criminal Appeals to remand to the trial court for an evidentiary hearing on the question whether Pierce’s claim could have been raised at trial or on appeal and is thus barred pursuant to Rule 32.2(a)(3) and (a)(5).” 851 So.2d at 617. On remand, the trial court found that Pierce’s counsel knew or should have known about the juror misconduct during the trial. 851 So.2d at 620. On return to remand, this Court then held that Pierce’s juror-misconduct claim was procedurally barred by Rule 32.2(a)(3) or (a)(5) because the claim could have been raised at trial or on appeal. 851 So.2d at 620.
 

 In
 
 State v. Freeman,
 
 605 So.2d 1258 (Ala.Crim.App.1992), the Court of Criminal Appeals held that a claim of juror miscon
 
 *752
 
 duct was cognizable in a Rule 32 petition although the petitioner, Darryl Eugene Freeman, had not raised the claim during the trial or on direct appeal. 605 So.2d at 1259. In his Rule 32 petition Freeman claimed that his right to a fair trial was violated because the foreman of the jury that convicted him failed to disclose, during the voir dire examination, that he had been a police officer at one time. 605 So.2d at 1259. Freeman added this claim to his Rule 32 petition approximately one week before the trial court was scheduled to hold an evidentiary hearing on the petition. At the evidentiary hearing Freeman’s counsel stated: “‘In doing routine juror interviews we uncovered this information and filed the amended petition immediately after that information was made available to us.’ ” 605 So.2d at 1259.
 

 The trial court “granted Freeman’s petition, set aside his conviction and death sentence, and ordered that Freeman be retried.” 605 So.2d at 1259. The State appealed to the Court of Criminal Appeals, contending that Freeman’s claim of juror misconduct was precluded by Rule 32.2(a)(3) and (5). 605 So.2d at 1259. The Court of Criminal Appeals held that Freeman’s claim of juror misconduct “was not procedurally barred under Rule 32.2(a)(4) [sic] and (5), A[la.] R.Crim. P., because the fact that the juror had been a policeman was not known at the time of trial or at the time of direct appeal.”
 
 Freeman,
 
 605 So.2d at 1259.
 
 [4]
 

 In
 
 DeBruce,
 
 the Court of Criminal Appeals also held that a claim of juror misconduct was cognizable in a Rule 32 petition although the petitioner, Derrick Anthony DeBruce, had not raised the claim during the trial or on direct appeal. 890 So.2d at 1077. In his Rule 32 petition, DeBruce claimed that he had been denied a fair trial because several jurors failed to answer questions truthfully during the voir dire examination. 890 So.2d at 1076. DeBruce specifically claimed that when the venire was asked whether anyone had family members who worked in law enforcement, one juror failed to disclose that his father was then employed by the Alabama Department of Corrections and that he had been a police officer. 890 So.2d at 1076.
 

 The trial court treated DeBruce’s juror-misconduct claims as claims of newly discovered evidence under Rule 32.1(e) and found that the claims were procedurally barred because DeBruce failed to prove that the evidence supporting his claims was newly discovered. 890 So.2d at 1077. The trial court also examined the merits of DeBruce’s claims and found that he had not been prejudiced by the juror misconduct. DeBruce then appealed the trial court’s order denying his Rule 32 petition to the Court of Criminal Appeals. 890 So.2d at 1074.
 

 The Court of Criminal Appeals first recognized that under
 
 Ex parte Pierce,
 
 the trial court had improperly treated De-Bruce’s juror-misconduct claims as claims of newly discovered evidence under Rule 32.1(e). The Court of Criminal Appeals then held that a petitioner may assert a
 
 *753
 
 claim of juror misconduct in a Rule 32 petition, but that “the petitioner must show that the claim is not subject to the procedural default grounds contained in Rule 32.2(a)(3) and (a)(5), Ala. R.Crim. P.” 890 So.2d at 1077. That court noted that the record indicated that “DeBruce’s counsel did not learn of [the juror’s] father’s law enforcement background until approximately five years after DeBruce was tried” and held that “[g]iven the Supreme Court’s holdings in
 
 Pierce
 
 and Dobyne,[
 
 5
 
 ] the circuit court incorrectly determined that this issue was procedurally barred.” 890 So.2d at 1077.
 
 [6]
 

 Burgess contends that the instant case is indistinguishable from
 
 Freeman
 
 and
 
 DeBruce
 
 because, he argues, his counsel first discovered the factual basis of his claims of juror misconduct during postcon-viction interviews with jurors.
 
 [7]
 
 Applying this Court’s holding in
 
 Ex parte Pierce,
 
 which relied on
 
 Freeman,
 
 Burgess states that the basis for his claims of juror misconduct “was not known, and could not reasonably have been discovered, at trial or in time to raise the issue in a motion for new trial or on appeal.” 851 So.2d at 616. Accordingly, Burgess asserts that he properly raised his juror-misconduct claims in his Rule 32 petition and that these claims are not procedurally barred by Rule 32.2(a)(3) or (5).
 

 The State contends that the writ of cer-tiorari should be quashed as improvidently granted. First, the State contends that Burgess failed to present a ground authorizing certiorari review under Rule 39, Ala. R.App. P., because, it says, the Court of Criminal Appeals’ decision complies, and does not conflict, with
 
 DeBruce, Ex parte Pierce,
 
 and
 
 Ex parte Dobyne
 
 in that that court properly treated Burgess’s claims of juror misconduct as constitutional claims under Rule 32.1(a). Second, the State contends that the Court of Criminal Appeals properly affirmed the trial court’s order finding that Burgess’s juror-misconduct claims were precluded because, it says, Burgess failed to show that his claims could not have been discovered in time to raise them in his motion for a new trial. Thus, the State contends that the trial court appropriately exercised its discretion to find that Burgess had failed to meet his burden of disproving that his juror-misconduct claims were precluded under Rule
 
 *754
 
 32.2(a)(3) and (a)(5). Notably, the State omits the word “reasonably” when applying this Court’s holding in
 
 Ex parte Pierce
 
 that a claim of juror misconduct is cognizable in a Rule 32 petition when the alleged misconduct “could not
 
 reasonably
 
 have been discovered, at trial or in time to raise the issue in a motion for new trial or on appeal.” 851 So.2d at 616.
 

 The Court of Criminal Appeals improperly concluded that Burgess’s juror-misconduct claims are precluded by Rule 32.2(a)(3) and (a)(5); Burgess showed, in the trial court, that he could not have
 
 reasonably
 
 discovered the alleged juror misconduct in time to raise the claims in a motion or a new trial or on appeal. See
 
 Ex parte Pierce,
 
 851 So.2d at 616. In opposition to the State’s motion to dismiss his Rule 32 petition, Burgess asserted that he had “discovered only recently that during
 
 voir dire
 
 at his trial, many of the jurors failed to accurately answer questions.” Additionally, after the Court of Criminal Appeals remanded the cause to the trial court for a determination of whether the claims of juror misconduct could have been raised in Burgess’s motion for a new trial, Burgess informed the trial court that his “failure-to-disclose claims were discovered by undersigned counsel in [a] postconviction investigation.” Burgess’s statement in response to the trial court’s order on remand at 7. Burgess further informed the trial court that the “claims were not raised at trial or on direct appeal because counsel had no information that such misconduct had occurred and therefore was under no obligation to raise the claims.”
 
 Id.
 
 Thus, as was the case with the petitioner in
 
 DeBruce,
 
 who first learned of the juror misconduct five years after his trial and properly raised claims of juror misconduct in a Rule 32 petition, Burgess first learned of the juror misconduct years after his trial. See
 
 DeBruce,
 
 890 So.2d at 1077.
 

 Burgess reasonably expected that potential jurors answered accurately the questions posed to them during the voir dire examination. It is unreasonable to hold that a defendant must uncover any and all juror misconduct in the form of inaccurate responses to voir dire examination in time to raise such claims in a motion for a new trial or on appeal. Requiring a defendant to raise such claims of juror misconduct during the interval between the voir dire examination and the filing of posttrial motions places an impracticable burden on defendants. In this case, there is no evidence before us indicating that Burgess suspected or should have suspected that any jurors did not accurately answer a question during the voir dire examination. Burgess particularly did not have any reason to suspect that a juror allegedly had a personal relationship with the district attorney because before trial his counsel had moved for the district attorney to disclose any relationships he had with potential jurors.
 

 The trial court, in finding that Burgess’s claims were procedurally barred by Rule 32.2(a)(3) and (a)(5), found “that the information obtained from the jurors was available to newly appointed appellate counsel and could have been raised in [Burgess’s] Motion for New Trial. All counsel had to do was to interview the jurors in post-trial interviews just as was done by petitioner’s counsel herein.” However, it is unreasonable to require that a defendant, unaware of any failure to answer correctly questions posed during the voir dire examination, must contact each juror and ask whether he or she accurately and truthfully answered such questions. Jury service is sufficiently disruptive of a citizen’s regular activities without this Court announcing a rule that would routinely subject jurors to potentially insulting postverdict
 
 *755
 
 interrogation concerning their veracity. Absent any evidence that a telephone call to some or all the jurors would have been nothing more than a mere fishing expedition, we cannot hold on this record that Burgess’s claims are precluded.
 

 IV.
 
 Conclusion
 

 Because we conclude that Burgess’s claims that certain jurors failed to answer accurately questions that were posed to them during the voir dire examination are not precluded, we reverse the judgment of the Court of Criminal Appeals and remand the case for that court, in turn, to remand it to the trial court for an evidentiary hearing on the merits of Burgess’s juror-misconduct claims and a determination as to whether Burgess is entitled to a new trial.
 

 REVERSED AND REMANDED.
 

 SEE, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 COBB, C.J., recuses herself.
 

 [1]
 

 . Both the victim and the defendant had attended Austin High School.
 

 [2]
 

 . Ground 14 asserted that "the State withheld favorable evidence from the defensef] thus violating [Burgess's] federal and state rights."
 

 [3]
 

 . As previously noted, this Court reversed Burgess’s death sentence on original appeal. See
 
 Burgess,
 
 811 So.2d at 617. On remand, the trial court resentenced Burgess to life imprisonment without the possibility of parole, and the Court of Criminal Appeals affirmed that sentence. See
 
 Burgess,
 
 811 So.2d at 633.
 

 [4]
 

 .
 
 Freeman
 
 was overruled in part by
 
 Brown v. State, 807 So.2d
 
 1 (Ala.Crim.App. 1999). In
 
 Brown,
 
 the Court of Criminal Appeals noted that "the
 
 Freeman
 
 court did not address the other prerequisites for newly discovered evidence contained in Rule 32.1(e).” 807 So.2d at 7. That court went on to hold: "Before a claim of juror misconduct may be addressed on the merits in a postconviction petition the petitioner must meet the requirements for newly discovered evidence contained in Rule 32.1(e), Ala. R.Crim. P. To the extent that this holding conflicts with
 
 Freeman,
 
 that case is hereby overruled.” 807 So.2d at 8. However, as noted above, this Court in
 
 Ex parte Pierce
 
 later held that claims of juror misconduct should not be treated as claims of newly discovered evidence under Rule 32.1(e).
 

 [5]
 

 . In
 
 Ex parte Dobyne,
 
 this Court recognized that its prior decision in
 
 Ex parte Pierce
 
 had held a claim of juror misconduct may be raised in a Rule 32 petition as a constitutional violation under Rule 32.1(a). 805 So.2d at 767-68. However, unlike
 
 Ex parte Pierce,
 
 in which the trial court never addressed the merits of Pierce's juror-misconduct claims, in
 
 Ex parte Dobyne
 
 “both the trial court and the Court of Criminal Appeals directly addressed [the merits ofj Dobyne’s juror-misconduct claim." 805 So.2d at 770. Thus, this Court concluded that “the situation presented in
 
 Pierce
 
 is not the situation presented in this case, and our holding in
 
 Pierce
 
 does not affect our determination that Dobyne’s claim of juror misconduct was correctly addressed.”
 
 Ex parte Dobyne,
 
 805 So.2d at 770.
 

 [6]
 

 .
 
 DeBruce
 
 was overruled in part by
 
 Ex parte Jenkins,
 
 972 So.2d 159 (Ala.2005). In
 
 Ex parte Jenkins,
 
 this Court overruled
 
 DeBruce
 
 to the extent that it "applied the relation-back doctrine to proceedings governed by Rule 32.” 972 So.2d at 165. This Court reversed the Court of Criminal Appeals’ holding that Jenkins's “juror-misconduct claim presented in the amended petition would be considered timely only if it related back to a claim raised in the timely original petition.”
 
 Ex parte Jenkins,
 
 972 So.2d at 161.
 

 [7]
 

 .Burgess also contends that the present case is indistinguishable from
 
 McGahee v. State,
 
 885 So.2d 191, 203 (Ala.Crim.App.2003); however, we did not grant the writ of certio-rari as to his argument concerning
 
 McGahee
 
 because Burgess did not properly allege a conflict with it in his petition for certiorari review.