COBB, Chief Justice
(concurring in part and dissenting in part).
I respectfully dissent from the denial of the petition for the writ of certiorari with regard to the claims of the petitioner, Re-mido Chante Adams, that he was not served with a proposed draft order the State submitted to the trial court. Adams seeks review of the Court of Criminal Appeals’ decision under Rule 39(a)(1)(D), Ala. R.App. P., on the ground that that decision conflicts with prior decisions of this Court, such as Ex parte Burgess, 21 So.3d 746, 754 (Ala.2008), recognizing that a petitioner cannot be expected to raise a claim until facts underlying the claim become known to him.
Adams filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief, attacking his conviction for capital murder and his sentence of life imprisonment without the possibility of parole. The State answered and moved to dismiss Adams’s petition, arguing that Adams’s claims were procedurally barred. Adams contends that, with its response to the petition, the State also filed with the court a proposed order denying the petition, but, he says, he was not served with a copy of the proposed order. Further, he contends that he did not learn of the existence of the proposed order until he appealed the denial of the Rule 32 petition and received a copy of the record. Adams raised the issue of the State’s alleged ex parte communication on appeal, but the Court of Criminal Appeals concluded that it could not consider the issue because the issue had not been presented to the Rule 32 court in Adams’s February 11, 2008, motion to reconsider the denial of his Rule 32 petition. Adams maintains that he could not have raised the issue in his February 11, 2008, motion to reconsider because he did not learn of the facts underlying the claim until April 18, 2008, when the record on appeal was completed.
I would grant certiorari review to determine whether the record supports Adams’s claim that he was not served with the State’s proposed order and that he did not learn of the existence of the proposed order until he received a copy of the record on appeal. If the record supports that claim, then I believe this Court should reverse that part of the judgment of the Court of Criminal Appeals refusing to address the issue and instruct the Court of Criminal Appeals to consider the claim on the merits.
I do not believe that Adams has any other mechanism by which to assert the claim that he was denied the opportunity to respond to the State’s proposed order. The claim cannot be considered to be based on newly discovered evidence within the contemplation of Rule 32.1(e), Ala. *633 R.Crim. P., because the evidence would not “require that [Adams’s] conviction or sentence be vacated.” At most, Adams would be entitled only to the opportunity to respond to the State’s proposed order. Moreover, because Rule 32 is a mechanism to gain relief from a conviction or sentence — and not to gain relief from a prior order denying an earlier Rule 32 petition— I know of no authority that would allow Adams to file a subsequent Rule 32 petition attacking a judgment in a prior Rule 32 proceeding.
I disagree that Adams should have to file another Rule 32 petition. However, because the Court has denied the petition for certiorari in this case, he has no other recourse. Under the circumstances, he should not be precluded from filing a subsequent Rule 32 petition, at least with regard to his argument that he was not served with the State’s proposed order.