WOODALL, Justice.
Melvin Gene Hodges petitioned this Court for a writ of certiorari, which we granted for the limited purpose of determining whether the Court of Criminal Appeals’ judgment, insofar as it affirmed the trial court’s summary denial of Hodges’s petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., alleging juror misconduct during the voir dire examination, conflicts with this Court’s decision in Ex parte Burgess, 21 So.3d 746 (Ala.2008). We hold that it does, and we reverse and remand.

I. Factual and Procedural History

Hodges was convicted of the capital offense of murdering Beth Seaton during the course of a robbery, see § 13A-5-40(a)(2), Ala.Code 1975. The jury, by a vote of 8-4, recommended that Hodges be sentenced to life imprisonment without the possibility of parole. The trial court, however, sentenced Hodges to death. The Court of Criminal Appeals affirmed Hodges’s conviction and sentence. Hodges v. State, 856 So.2d 875 (Ala.Crim.App.2001). This Court affirmed that judgment. Ex parte *975 Hodges, 856 So.2d 936 (Ala.2003), and the United States Supreme Court denied cer-tiorari review. Hodges v. Alabama, 540 U.S. 986, 124 S.Ct. 465, 157 L.Ed.2d 379 (2003).
Hodges filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief. In his petition, he alleged, among other things, that his “right to a fair trial by an impartial jury was denied by juror misconduct, in violation of Article I, §§ 6 and 11 of the Alabama Constitution, and the Sixth and Fourteenth Amendments to the Constitution of the United States.” More specifically, he alleged that his “right to a fair and impartial jury was violated due to the failure of six jurors to respond truthfully to voir dire questions.” According to Hodges’s petition, the six jurors failed to respond truthfully to direct-questions regarding “a prior criminal conviction, prior treatment for alcohol abuse, prior jury service in a murder trial, prior military service, knowledge of the case, knowledge of the defendant and a prosecution witness, and a spouse with law enforcement experience.”
The State filed a “motion for summary dismissal” of this and other claims in Hodges’s Rule 32 petition, arguing that the claims were “procedurally barred from review.” In response, Hodges filed a “memorandum regarding State’s response to first amended petition,” [1] asserting, among other things, that “trial counsel could not have raised these claims at trial or on appeal” because “[tjrial counsel could not have had any information about this misconduct.” The trial court summarily denied Hodges’s petition.
The Court of Criminal Appeals held that the juror-misconduct claim was “procedurally barred by Rule 32.2(a)(5), Ala. R.Crim. P., because [it] could have been, but [was] not, raised on appeal.” Hodges v. State, 147 So.3d 916, 932 (Ala.Crim.App.2007). The court also stated: “Hodges did not allege in his petition that his allegations of juror misconduct could not have been raised at trial or on appeal.” 147 So.3d at 932 n. 4.
After the Court of Criminal Appeals released its opinion in Hodges, this Court decided Ex parte Burgess, supra, in which we reversed a judgment of the Court of Criminal Appeals and remanded the case for remand to the trial court to hold an evidentiary hearing on the merits of a Rule 32 petitioner’s claim that jurors in the trial of his case had failed to answer voir dire questions accurately. Hodges sought cer-tiorari review, and we granted his petition to examine this case in light of the rule set forth in Burgess.

II. Discussion

The rule of Burgess is that a petitioner seeking relief under Rule 32 for the alleged failure of jurors to respond accurately or truthfully to voir dire questioning is entitled to an evidentiary hearing on his claim, unless it appears on the face of the record that he knew or reasonably should have known of the inaccuracy in time to raise it on appeal. In setting forth that rule, we explained:
“Burgess reasonably expected that potential jurors answered accurately the questions posed to them during the voir dire examination. It is unreasonable to hold that a defendant must uncover any and all juror misconduct in the form of inaccurate responses to voir dire examination in time to raise such claims in a motion for a new trial or on appeal. Requiring a defendant to raise such claims of juror misconduct during the *976 interval between the voir dire examination and the filing of posttrial motions places an impracticable burden on defendants.”
21 So.Bd at 754. See also Ex parte Harrison, 61 So.3d 986, 991 (Ala.2010) (Rule 32 petitioner’s claims that “two jurors failed to answer accurately questions posed to them during the voir dire examination [were] not precluded,” where, “[a]s in Burgess, there [was] no evidence in the record indicating that [the petitioner] should have been aware before he filed his motion for a new trial or his direct appeal that some jurors had provided untruthful or inaccurate answers”).
In this case, the record does not indicate that Hodges knew or reasonably should have known of the jurors’ alleged untruthfulness in time to raise the issue on direct appeal. Indeed, the State concedes that the “record is devoid of information” relating to the alleged juror misconduct. However, the State contends that Hodges’s claim is procedurally barred because, the State says, he failed “to establish by a preponderance of the evidence that the claims were either (A) not actually known or (B) could not have reasonably been discovered in time to be raised at trial or on direct appeal.” State’s brief, at 1 (emphasis added). “As with all other procedural bars,” the State continues, “the petitioner bears the burden of establishing both prongs of the test ‘by a preponderance of the evidence.’ Ala. R.Crim. P. 32.3....” Essentially, the State asserts that Hodges has failed to satisfy his ultimate evidentiary burden under Rule 32.3 at the pleading stage of these proceedings.
In that connection, Rule 32.3 states:
“The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.”
(Emphasis added.) Preclusion is an affirmative defense to be pleaded by the State. Ex parte James, 61 So.3d 352, 356 (Ala.2009). As the Court of Criminal Appeals has explained in an earlier case:
“Initially, it is important to distinguish between a petitioner’s burden to plead and a petitioner’s burden to prove.
‘“[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must only provide “a clear and specific, statement of the grounds upon which relief is sought.” Rule 32.6(b), Ala. R.Crim. P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala. R.Crim. P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.’
“Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App.2001). A claim may not be summarily dismissed because the petitioner failed to meet his burden of proof at the initial pleading stage, a stage at which the petitioner has only a burden to plead. See Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App.1991) (“When the State does not respond to a petitioner’s allegations, the unrefuted statement of facts must be taken as true. Chav-erst v. State, 517 So.2d 643, 644 (Ala. Crim.App.1987). Further, when a petition contains matters which, if true, would entitle the petitioner to relief, an evidentiary hearing must be held. Ex parte Boatwright, 471 So.2d 1257, 1258 (AIa.1985).’).” *977 Johnson v. State, 835 So.2d 1077, 1079-80 (Ala.Crim.App.2001).
The State’s argument confuses and conflates the requirements of pleading and proof. In his Rule 32 petition Hodges asserted the manner in which the answers of six potential jurors allegedly were non-responsive to specific voir dire questions. When the State sought a summary dismissal of the claim, Hodges replied that his counsel could not have known about the alleged juror misconduct in time to raise the issue at trial or on appeal. Nothing to the contrary appears on the record.[2] Indeed, it is somewhat disingenuous for the State to fault Hodges for providing no evidence in support of his allegations when it was the State that successfully persuaded the trial court to forgo a hearing at which such evidence could have been presented.
In short, Hodges has met his initial burden of pleading a claim of juror misconduct, and the State has met its burden of asserting a preclusion. There being no evidence on the record that Hodges knew or reasonably should have known of the jurors’ alleged lack of candor in time to raise the issue on appeal, Hodges is entitled to an evidentiary hearing on his claim.

III. Conclusion

As we did in Burgess and Harrison, we reverse the judgment of the Court of Criminal Appeals and remand the case for that court, in turn, to remand it to the trial court for an evidentiary hearing on the merits of Hodges’s claim that some of the jurors’ answers during voir dire were untruthful.
REVERSED AND REMANDED.
MALONE, C.J., and STUART, BOLIN, PARKER, and MURDOCK, JJ., concur.
SHAW, MAIN, and WISE, JJ., recuse themselves.*

. Hodges filed his Rule 32 petition on March 30, 2004; on August 6, 2004, he filed an amended petition.

. Contrary to the State's argument, there is no such evidence as to juror W.B., who, the Rule 32 petition alleged, failed to disclose that "he lived near [Hodges], that he knew who [Hodges] was from around the neighborhood, and that he had met and spoken with [Hodges's] wife when he was at [Hodges's] home fixing his air conditioner.” Even if true, none of these facts demonstrate that Hodges knew W.B., or that Hodges knew of W.B.’s acquaintance with his wife in time to raise the issue at the trial or on appeal.

 Justice Shaw, Justice Main, and Justice Wise were members of the Court of Criminal Appeals when that court considered this case.