Mark Allen Jenkins appealed the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim.P., attacking his capital-murder conviction and his sentence of death. We affirmed the circuit court's denial of Jenkins's Rule 32 petition. See Jenkins v. State,972 So.2d 111 (Ala.Crim.App. 2004). Jenkins filed a petition for a writ of certiorari in the Alabama Supreme Court. The Supreme Court affirmed our judgment in all aspects except our holding regarding the juror-misconduct claim. See Ex parteJenkins, 972 So.2d 159 (Ala. 2005). The Supreme Court held that the relation-back doctrine did not apply to Rule 32 petitions; therefore, the juror-misconduct claim was properly before the circuit court even though the amended petition raising the claim was filed outside the limitations period of Rule 32. The Supreme Court remanded the case for further consideration in light of its holding that the relation-back doctrine did not apply to Rule 32 petitions.
We have diligently reviewed the record of the Rule 32 proceedings. In his amended Rule 32 petition filed on December 2, 1996, Jenkins alleged that juror misconduct deprived him of an impartial jury and his right to strike a petit jury from a panel of fair-minded jurors. Jenkins alleged:
 "During voir dire at Mr. Jenkins's trial, trial counsel spent considerable time asking prospective jurors whether they or any close friend or relative had ever been the victim of crime. Specifically, trial counsel asked each panel of the venire the following questions: (1) Is there anyone on this panel who has ever been a victim of crime?; and (2) Does anyone know of any other of your close relatives, or a very good friend who has ever been the victim of any crime? Although this question was asked to each panel, some jurors failed to answer the question even [though they] or their friends or relatives had previously been victimized."
(R. 385-86.)
The circuit court held an evidentiary hearing on December 10, 1996, and on January 20, 1997. At the evidentiary hearing juror L.V. testified that in 1971, 20 years before Jenkins was tried, her nephew had been murdered. She also said that she did not want to serve on Jenkins's jury and if she had heard a question related to whether she had had a relative who had been the victim of a crime she would have responded to the question.
In January 1997 the State filed a response to the amended Rule 32 petition, which was filed eight days before the evidentiary hearing. The State asserted that the juror-misconduct claim was procedurally barred because it could have been raised at trial or on appeal. The State asserted the following:
 "This claim is barred from review because it could have been raised at trial but was not. Rule 32.2(a)(3) of the Alabama Rules of Criminal Procedure and the prior case law contained in paragraph 7(a) of this answer provide that relief cannot be given on a claim which could have been but was not raised at trial. *Page 167 
"This claim is barred from review because it could have been raised on appeal but was not. Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure and the prior case law contained in paragraph 8(b) of this answer provide that relief cannot be given on a claim which could have been but was not raised on appeal."
(Supplemental record vol. I, p. 129.) In April 1997, the State also filed an amended motion for partial dismissal of the Rule 32 petition. The State then filed a proposed memorandum denying the Rule 32 petition. In each of these filings the State alleged that the juror-misconduct claim was procedurally barred because it could have been raised at trial or on appeal.
Jenkins filed a response to the State's assertions that this claim was barred. He stated: "After filing his petition for post-conviction relief but prior to the evidentiary hearing in this case, Mr. Jenkins obtained new evidence suggesting that [L.V.] had a close relative who had been murdered." (Supplemental record, vol. Ill, p. 402.)
In December 1997, the circuit court issued a 79-page order denying the Rule 32 petition. In this order the circuit court found that Jenkins's juror-misconduct claim was procedurally barred in the Rule 32 proceedings according to Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P.
The Alabama Supreme Court in Ex parte Pierce,851 So.2d 606 (Ala. 2000), recognized that a juror-misconduct claim may be procedurally barred in a Rule 32 petition. The Supreme Court stated: "Although Rule 32.1(e) [newly discovered evidence] does not preclude [the petitioner's] claim, Rule 32.2(a)(3) and (5) would preclude [the petitioner's] claim if it could have been raised at trial or on appeal."851 So.2d at 614.
Here, the State asserted that this claim was procedurally barred based on Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P. Rule 32.3, Ala.R.Crim.P., states:
 "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence."
(Emphasis added.) "Preponderance of the evidence" is defined as:
 "The greater weight of the evidence, not necessarily established by the greater number of witnesses testifying to a fact but by evidence that has the most convincing force; superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other."
Black's Law Dictionary 1220 (8th ed.2004).
Jenkins submitted no evidence indicating why this claim was raised in the Rule 32 petition and not in earlier proceedings. Jenkins's attorney offered no explanation at the Rule 32 hearing. The only reference in the record concerning the lateness of raising this claim is the following statement contained in a response filed by Jenkins: "After filing his petition for postconviction relief but prior to the evidentiary hearing in this case, Mr. Jenkins obtained new evidence suggesting that [L.V.] had a close relative who had been murdered." (Supplemental record, vol. Ill, p. 402.) The Alabama Supreme Court in Pierce, stated that in order for a juror-misconduct claim to be cognizable in a Rule 32 proceeding the petitioner must establish "that the information was not known, and could *Page 168 
not reasonably have been discovered, at trial or in time to raise the issue in a motion for new trial or on appeal."Pierce, 851 So.2d at 616. Jenkins failed to meet his burden under Rule 32.3, Ala.R.Crim.P.
This Court has held that the procedural default grounds contained in Rule 32 apply to all cases, even to those in which the death penalty has been imposed. See Burgess v.State, 962 So.2d 272 (Ala.Crim.App. 2005); Hooks v.State, 822 So.2d 476 (Ala.Crim.App. 2000); Brownlee v.State, 666 So.2d 91 (Ala.Crim.App. 1995); State v.Tarver, 629 So.2d 14 (Ala.Crim.App. 1993). We have previously barred juror-misconduct claims in Rule 32 petitions attacking a capital-murder conviction and death sentence. SeeDuncan v. State, 925 So.2d 245 (Ala.Crim.App. 2005);Woods v. State, 957 So.2d 492 (Ala.Crim.App. 2004). Compare McGahee v. State, 885 So.2d 191, 203
(Ala.Crim.App. 2003) (held that claim of juror misconduct was not procedurally barred because "[t]rial counsel testified at the Rule 32 hearing that the trial court had denied his request for funds to hire an investigator, and that, if he had been able to hire an investigator, he would have been able to obtain information on the venire-members. Counsel stated that obtaining information on the venire `was virtually an impossibility to do. . . .'").
In the order denying the Rule 32 petition the circuit court found that the claim of juror misconduct was procedurally barred because it was not raised at trial or on direct appeal. See Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P. The circuit court's ruling is supported by the record. There is no evidence that the circuit court abused its discretion in finding that this claim was procedurally barred. See Elliott v.State, 601 So.2d 1118 (Ala.Crim.App. 1992).
AFFIRMED.
 McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur. *Page 737