STUART, Justice.
The Court of Criminal Appeals affirmed, without an opinion, Carlos Raymond Williams’s conviction for the unlawful possession of a controlled substance, i.e., cocaine. Williams v. State (No. CR-05-1585, June 15, 2007) - So.2d - (Ala.Crim.App.2007)(table). Williams petitioned this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals, arguing that its decision conflicts with this Court’s decision in King v. Garrett, 613 So.2d 1283 (Ala.1993). We affirm.
Montgomery Police Department narcotics officers arrested the driver of a parked vehicle, Williams, and the front-seat passenger, Xavier Jointer, and charged them with possession of 1.12 grams of crack cocaine found in the vehicle. The narcotics officers saw the cocaine in the dashboard area of the vehicle as they approached the parked vehicle. The narcotics officers were unable to determine who owned the cocaine, and they arrested both men for constructive possession of the controlled substance.
Before Williams’s trial, the State properly filed a notice of intent to prove that the substance was cocaine by way of a certificate of analysis. See § 12-21-301, Ala. Code 1975. The clerk’s record includes a copy of the notice and a copy of the certificate of analysis, which indicates that the substance found in Williams’s vehicle was cocaine. This copy of the certificate of analysis included the notarized statement of the forensic scientist who conducted the test. At trial, the trial court, at the State’s request, admitted into evidence a copy of the certificate of analysis; however, this copy of the certificate of analysis did not include the second page, which contains the requisite notarized signature of the forensic scientist who conducted the test. Williamses counsel timely objected to the admission of the certificate of analysis, stating: “Objection; lack of proper predicate and conformity with statutory requirements.” The trial court overruled Williams’s objection. At the close of the evidence, Williams moved for a judgment of acquittal, arguing that the State had failed to prove that the substance seized *1124 from the vehicle was cocaine because the only evidence admitted at trial establishing that fact was the certificate of analysis, which did not comply with the requirements for admission provided in § 12-21-300, Ala.Code 1975. The trial court overruled Williams’s motion. Williams was convicted of unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala.Code 1975, and was sentenced to 15 years’ imprisonment.
Williams appealed to the Court of Criminal Appeals. On appeal, Williams argued that the trial court exceeded the scope of its discretion by admitting into evidence the certificate of analysis, which did not conform with the statutory requirements of § 12-21-300, Ala.Code 1975. The Court of Criminal Appeals rejected Williams’s contention, holding in its unpublished memorandum that the certificate of analysis had been properly admitted. The Court of Criminal Appeals concluded that the record established that the second page of the certificate of analysis containing the notarized signature of the forensic scientist who had conducted the test was admitted at trial “although it became unattached prior to being submitted to the court reporter [and being included in the trial record].”
Williams petitioned this Court for a writ of certiorari to address a conflict between the decision of the Court of Criminal Appeals and this Court’s decision in King v. Garrett, supra. This Court held in King: “If the record does not contain the matter or materials considered by the trial court, then this Court has no basis upon which to review the trial court’s judgment.” King, 613 So.2d at 1284. Williams argues that the Court of Criminal Appeals erred by looking outside the trial record to the clerk’s record to determine whether the certificate of analysis conformed with
§ 12-21-300, Ala.Code 1975. We granted the writ.
Section 12-21-300, Ala.Code 1975, provides, in pertinent part:
“In any criminal case, ... the prosecuting authority may offer a certificate of analysis ... in lieu of direct testimony....
“The certificate of analysis shall give the name and address of the facility in which the examination or analysis was made, and it shall be signed by and sworn to as true and correct, under penalty of law, by the person making the examination or analysis.”
“ ‘The question of admissibility of evidence is generally left to the discretion of the trial court, and the trial court’s determination on that question will not be reversed except upon a clear showing of abuse of discretion.’ ” Gavin v. State, 891 So.2d 907, 963 (Ala.Crim.App.2003)(quot-ing Ex parte Loggins, 771 So.2d 1093,1103 (Ala.2000)).
Our review of the record indicates that the trial court exceeded the scope of its discretion by admitting the certificate of analysis into evidence because the certificate of analysis admitted at trial and submitted to the jury did not satisfy the requirements of § 12-21-300, Ala.Code 1975. It appears that the Court of Criminal Appeals, recognizing that the trial court record contained only the first page of the certificate of analysis indicating that the substance was cocaine and did not include the second page of the certificate with the notarized signature of the forensic scientist who conducted the test, ordered the trial court to determine if the second page had been admitted at trial but mistakenly omitted from the trial record. The official court reporter for the trial court responded to the order, stating:
*1125 “Upon receipt of your Order, I contacted our clerk’s office to see what was submitted to you. I also contacted [the assistant district attorney] who prosecuted this case. [The assistant district attorney] checked his records and today furnished to me the second page of [the certificate of analysis]. Apparently, this second page became unstapled prior to its submission to me.”
The court reporter’s statements clearly indicate that the certificate of analysis admitted at trial and submitted to the jury did not include the second page containing the notarized signature of the forensic scientist who conducted the test. Therefore, the trial court exceeded the scope of its discretion by admitting the certificate of analysis into evidence because it did not satisfy the requirements for admission as provided in § 12-21-300, Ala.Code 1975.
Williams contends that this error resulted in prejudice because, he says, the State did not otherwise prove that the substance found in his vehicle was cocaine. We disagree.
A review of the entire record indicates that the trial court’s improper admission of the certificate of analysis resulted in error without injury.
Rule 45, Ala. R.App. P., provides, in part:
“No judgment may be reversed or set aside, nor new trial granted ... on the ground of ... the improper admission or rejection of evidence ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
(Emphasis added.)
The record establishes that evidence was admitted establishing that the substance recovered from Williams’s vehicle was cocaine. The officer in charge’ of Williams’s case, without objection from Williams, expressly identified the substance found in Williams’s vehicle as “crack cocaine.” The following exchange occurred as the State laid the foundation to admit the cocaine into evidence:
“[Prosecutor]: Do you recognize this?
“[Officer]: I do.
“[Prosecutor]: And what is that?
“[Officer]: This is an envelope which contains the drug evidence that was turned over to me that day.
“[Prosecutor]: How do you know it’s the same envelope?
“[Officer]: Because it’s sealed, and got my initials on it.
“[Prosecutor]: All right. Is there anything in the envelope?
“[Officer]: Yes, there’s crack cocaine in the envelope.”
(Emphasis added.)
The testimony of the officer in charge of Williams’s case clearly identifies the substance found in Williams’s vehicle as cocaine. Williams did not object to this testimony, and a jury could reasonably infer from the testimony that the substance was indeed cocaine. Therefore, the State presented evidence other than the improperly admitted certificate of analysis to establish that the substance found in Williams’s vehicle was cocaine. Consequently, Williams cannot establish that the error in admitting the certificate of analysis prejudiced his defense and “probably injuriously affected [his] substantial rights.”
Our conclusion that the improper admission of the certificate of analysis is harmless error is bolstered by the fact that throughout the trial, Williams did not dispute that the substance found in his vehicle was cocaine. Indeed, Williams based *1126 his defense on the theory that Jointer, the passenger in the vehicle who was also arrested, possessed the cocaine the police discovered in a common area of the dashboard. Williams’s counsel consistently referred to the substance throughout the trial as “drugs,” “crack,” or “cocaine.” For example, in his opening statement, Williams’s counsel stated:
“Now, the evidence is going to be undisputed [that] the police[,] after they found the cocaine, arrested Carlos Williams and Xavier Jointer; arrested both of them. And charged both of them with possessing this one little piece of cocaine you’re going to see.”
(Emphasis added.) In his closing statement, Williams’s counsel stated:
“What the police did, they found crack in the car with two people; they just arrested everybody. They charged Xavier with it. They charged Carlos Williams with it. They don’t know [who it belonged to].”
(Emphasis added.) Although the statements of counsel are not evidence that the substance was in fact cocaine, the statements do indicate that at trial Williams did not dispute that the substance found in the vehicle was cocaine but instead disputed who owned the cocaine.
“ ‘[B]efore the reviewing court can affirm a judgment based upon the “harmless error” rule, that court must find conclusively that the trial court’s error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant.’ Ex parte Crymes, 680 So.2d 125, 126 (Ala.1993) (emphasis omitted).”
Ex parte Casey, 889 So.2d 615, 621 (Ala. 2004).
A review of the record in this case establishes that it is clear beyond a reasonable doubt that the improper admission of the certificate of analysis “did not affect the outcome of the trial or otherwise prejudice a substantial right” of Williams. Therefore, even though this Court does not agree with the unpublished memorandum of the Court of Criminal Appeals addressing the admission of the certificate of analysis into evidence, the judgment of the Court of Criminal Appeals is affirmed because the admission of the evidence, although improper, was harmless.
AFFIRMED.
SEE, BOLIN, and MURDOCK, JJ„ concur.
LYONS, J., concurs in the result.
COBB, C.J., recuses herself.