On Application for Rehearing 
WINDOM, Judge.
This Court’s opinion of December 17, 2010, is withdrawn, and the following opinion is substituted therefor.
Mark Allen Jenkins appeals the circuit court’s summary dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he attacked his March 1991 convictions for two counts of murder made capital because the murder was committed during the course of a robbery and a kidnapping, see §§ 13A-5-40(a)(2) and 13A-5-40(a)(l), Ala. Code 1975. By a vote of 10-2, the jury recommended that Jenkins be sentenced to death. The circuit court accepted the jury’s recommendation and sentenced Jenkins to death for his capital-murder convictions.
On February 28, 1992, this Court affirmed Jenkins’s convictions and sentence.[1] See Jenkins v. State, 627 So.2d 1034 (Ala.Crim.App.1992). On May 28, 1993, the Alabama Supreme Court affirmed Jenkins’s capital-murder convictions and death sentence. See Ex parte Jenkins, 627 So.2d 1054 (Ala.1993). On March 28, 1994, the United States Supreme Court denied Jenkins’s petition for a writ of certiorari. See Jenkins v. Alabama, 511 U.S. 1012, 114 S.Ct. 1388, 128 L.Ed.2d 63 (1994).
On May 26,1995, Jenkins, through counsel, filed his first Rule 32 petition in the St. Clair Circuit Court in which he raised *1237 numerous claims for relief.[2] On November 26, 1996, Jenkins filed an amendment to his Rule 32 petition in which he alleged, among other things, that he was entitled to a new trial because Juror L.V. failed to disclose during voir dire that her nephew and his -wife had been murdered.[3] (1st R. 32 C. at 257-59.) On December 10, 1996, the circuit court conducted the first day of an evidentiary hearing on Jenkins’s amended Rule 32 petition and postponed the remainder of the hearing until a later date. On January 18, 1997, after the first day of the evidentiary hearing but before the two final days of the hearing, the State filed a response to Jenkins’s amended Rule 32 petition in which it asserted, among other things, that Jenkins’s juror-misconduct claim was procedurally barred pursuant to Rules 32.2(a)(3) and (a)(5), Ala. R.Crim. P., because it could have been, but was not, raised at trial or on direct appeal.[4] Thereafter, on January 20 and 21, 1997, the circuit court conducted the remainder of the evidentiary hearing, during which Jenkins presented the testimony of one of his two trial attorneys.[5]
On December 31, 1997, the circuit court issued a detailed order denying relief on the claims contained in Jenkins’s Rule 32 petition. (1st R. 32 C. at 267-346.) In its order, the circuit court determined, in relevant part, that Jenkins’s claim contending that Juror L.V.’s failure to disclose during voir dire that her nephew and his wife had been murdered was procedurally barred pursuant to Rules 32.2(a)(3) and (a)(5), Ala. R.Crim. P., because this claim could have been, but was not, raised at trial or on direct appeal. (1st R. 32 C. at 275, 282.)
On February 27, 2004, this Court affirmed the circuit court’s denial of Jenkins’s Rule 32 petition. See Jenkins v. State, 972 So.2d 111 (Ala.Crim.App.2004). Specifically, this Court held that Jenkins’s juror-misconduct claim was barred pursuant to Rule 32.2(c), Ala. R.Crim. P., because it was raised in an untimely amendment to the original Rule 32 petition and did not relate back to any claim raised in the original petition. Id. at 120-21. On April 8, 2005, the Alabama Supreme Court reversed this Court’s holding that Jenkins’s juror-misconduct claim was time-barred and remanded the cause to this Court for further proceedings. See Ex parte Jenkins, 972 So.2d 159 (Ala.2005).
On November 23, 2005, this Court again affirmed the circuit court’s order denying relief on Jenkins’s claim relating to juror misconduct. See Jenkins v. State, 972 So.2d 165 (Ala.Crim.App.2005). In affirming the circuit court’s decision, this Court *1238 noted that Jenkins failed to present any evidence during the evidentiary hearing indicating that his juror-misconduct claim was not known and could not have been discovered in time to raise it at trial or on appeal. Id. at 167-68. Specifically, this Court explained:
“Jenkins submitted no evidence indicating why this claim was raised in the Rule 32 petition and not in earlier proceedings. Jenkins’s attorney offered no explanation at the Rule 82 hearing. The only reference in the record concerning the lateness of raising this claim is the following statement contained in a response filed by Jenkins: ‘After filing his petition for postconviction relief but pri- or to the evidentiary hearing in this case, Mr. Jenkins obtained new evidence suggesting that [L.V.] had a close relative who had been murdered.’ (Supplemental record, vol. Ill, p. 402.)”
Id. at 167. After noting that Jenkins failed to present any evidence indicating whether trial counsel knew of and thus could have raised the juror-misconduct claim earlier, this Court, applying the Alabama Supreme Court’s holding in Ex parte Pierce, 851 So.2d 606 (Ala.2000), held that the claim was procedurally barred because it could have been, but was not, raised at trial or on appeal. Jenkins v. State, 972 So.2d at 168. See also Ex parte Pierce, 851 So.2d at 614 (explaining that “Rule[s] 32.2(a)(3) and (5) would preclude [a juror-misconduct] claim if it could have been raised at trial or on appeal ... [and to overcome the procedural bars contained in Rule 32.2(a), Ala. R.Crim. P., the petitioner must] show that his claim could not have been raised at trial or on direct appeal”). On May 18, 2007, the Alabama Supreme Court entered an order denying Jenkins’s petition for a writ of certiorari.
On May 15, 2008, Jenkins filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the United States District Court for the Northern District of Alabama. After Jenkins filed his federal habeas corpus petition, the Alabama Supreme Court issued its decision in Ex parte Burgess, 21 So.3d 746 (Ala.2008). In Burgess, the Alabama Supreme Court reviewed this Court’s affirmance of the circuit court’s summary dismissal of Burgess’s Rule 32 petition in which he raised a juror-misconduct claim. Id. at 751. Specifically, the Alabama Supreme Court reviewed whether this Court had properly held that Burgess’s juror-misconduct claim was procedurally barred pursuant to Rules 32.2(a)(3) and (a)(5), Ala. R.Crim. P., because it could have been, but was not, raised at trial or on appeal. Id. See Rule 32.2(a)(3) and (a)(5) (“A petitioner will not be given relief under [Rule 32] based upon any ground: ... 3) [w]hieh could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or ... 5) [w]hich could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).”).
In Ex parte Burgess, the Alabama Supreme Court applied this Court’s decision in State v. Freeman, 605 So.2d 1258 (Ala.Crim.App.1992), and its own decision in Ex parte Pierce, 851 So.2d 606 (Ala.2000), and reaffirmed the principle established by those cases that a Rule 32 petitioner raising juror-misconduct claim relating to a juror’s failure to disclose information during voir dire may overcome the procedural bars contained in Rules 32.2(a)(3) and (a)(5), Ala. R.Crim. P., if that petitioner “establishe[s] that the information was not known, and could not reasonably have been discovered, at trial or in time to raise the issue in a motion for new trial or on appeal.” Ex parte Burgess, 21 So.3d at 751 (quoting Ex parte Pierce, 851 So.2d at 616 (emphasis added)). The Alabama Supreme Court noted that Burgess had alleged in his Rule 32 petition that the juror- *1239 misconduct claim was not discovered until it was too late to raise the claim at trial or on appeal. Id. The Court further noted that it was unreasonable to require trial or appellate counsel to blindly investigate possible juror-misconduct claims and that Burgess had alleged in his petition that he had no reason to suspect any juror misconduct. Id. at 754-55. Because Burgess had alleged facts indicating that his counsel was unaware of the juror-misconduct claim until it was too late to raise the claim at trial or on appeal and had alleged facts indicating that “nothing occurred during the trial or appears in the record that could have alerted him or his counsel to the [alleged juror misconduct],” the Alabama Supreme Court held that this Court erroneously determined, at the pleading stage, that Burgess’s juror-misconduct claim was proeedurally barred pursuant to Rule 32.2(a)(3) and (a)(5). Id. at 751-55. Therefore, the Alabama Supreme Court reversed the summary dismissal of Burgess’s Rule 32 petition. Id. at 755.
On October 2, 2008, Jenkins moved the federal district court to stay his habeas proceedings to allow him to file another Rule 32 petition reasserting his juror-misconduct claim. Specifically, Jenkins sought a stay in federal court to allow him to pursue his juror-misconduct claim pursuant to the Alabama Supreme Court’s decision in Ex parte Burgess, 21 So.3d 746 (Ala.2008). On November 12, 2008, the federal district court granted Jenkins’s motion to stay his habeas proceedings.
On October 1, 2008, Jenkins filed a second Rule 32 petition in which he re-alleged that Juror L.V.’s failure to disclose during voir dire that her nephew and his wife had been murdered 20 years before Jenkins’s trial violated his right to a fair trial. In his Rule 32 petition, Jenkins “incorporate[d] ... the record of the [previous] evidentiary hearing conducted” on his juror-misconduct claim. (2d R. 32 C. at 6.) On October 31, 2008, the State filed an answer and motion to dismiss in which it asserted that Jenkins’s petition was procedurally barred pursuant to Rules 32.2(b) and 32.2(c), Ala. R.Crim. P., and argued, based on the previous Rule 32 hearing, that Jenkins’s juror-misconduct claim was without merit. The State further asserted that because Jenkins’s claim was procedurally barred and without merit, it should be dismissed pursuant to Rule 32.7(d), Ala. R.Crim. P. On November 25, 2008, the circuit court issued a detailed order dismissing Jenkins’s petition as proeedurally barred and denying relief on the merits.
I.
Initially, “[w]hen reviewing a circuit court’s denial of a Rule 32 petition, this Court applies an abuse-of-discretion standard.” Shouldis v. State, 38 So.3d 753, 761 (Ala.Crim.App.2008) (quoting Whitman v. State, 903 So.2d 152, 154 (Ala.Crim.App.2004), citing in turn McGahee v. State, 885 So.2d 191 (Ala.Crim.App.2003)). However, “when the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001) (citing State v. Hill, 690 So.2d 1201, 1203 (Ala.1996)). Further, “[t]he plain error rule does not apply to Rule 32 proceedings, even if the case involves the death sentence.” Burgess v. State, 962 So.2d 272, 277 (Ala.Crim.App.2005) (internal citations and quotations omitted). Finally, “[t]he procedural bars of Rule 32[.2, Ala. R.Crim. P.,] apply with equal force to all cases, including those in which the death penalty has been imposed.” Id. (internal citations and quotations omitted).
n.
On appeal, Jenkins first alleges that the circuit court violated his right to due pro *1240 cess for three reasons. Specifically, Jenkins asserts that the circuit court violated his right to due process by: A) failing to make independent findings of fact and conclusions of law; B) denying him an opportunity to file a response to the State’s answer and motion to dismiss; and C) failing to timely serve him with the order disposing of the Rule 32 petition. For the reasons that follow, these arguments are without merit.
A.
Jenkins initially argues the circuit court violated his right to due process when the it adopted the State’s proposed order. (Jenkins’s brief, at 15-21.) Specifically, Jenkins alleges that the circuit court failed to make independent findings of fact and conclusions of law; therefore, this cause should be remanded for further proceedings. To support his argument that the circuit court failed to make independent findings of fact and conclusions of law, Jenkins asserts that the circuit court could not have reviewed the trial record, the record of the previous Rule 32 proceeding, the pleadings in the second Rule 32 proceedings, and the 24-page proposed order in the short time between receiving the State’s proposed order and adopting it. According to Jenkins, the circuit court “could not have complied with its obligation to independently evaluate” his claim because “it is likely that the circuit court signed the 24-page order within hours of seeing it for the first time.” (Jenkins’s brief, at 9, 16). As discussed below, Jenkins’s argument is based on an assumption that is unsupported by the record and, thus, is without merit.
Initially, Jenkins argues that the circuit court erroneously adopted the State’s proposed order denying relief. Specifically, he argues that the circuit court’s adoption of the State’s proposed order violated his right to “independent findings of fact and conclusions of law.” (Jenkins’s brief, at 15.)
“Alabama Courts have repeatedly upheld the circuit court’s adoption of proposed orders drafted by the State in postconviction cases. For example, in Hyde v. State, 950 So.2d 344 (Ala.Crim.App.2006), we stated:
“ ‘Hyde contends that the circuit court erred in adopting the State’s proposed order. Specifically, he argues that there are numerous factual and legal errors in the order that indicate that the order does not represent the court’s own independent judgment, but shows a wholesale adoption of the State’s proposed order without consideration of his claims. However, this Court has repeatedly upheld the practice of adopting the State’s proposed order when denying a Rule 32 petition for postconviction relief. See, e.g., Coral v. State, 900 So.2d 1274, 1288 (Ala.Crim.App.2004), overruled on other grounds, Ex parte Jenkins, 972 So.2d 159 (Ala.2005), and the cases cited therein. “Alabama courts have consistently held that even when a trial court adopts verbatim a party’s proposed order, the findings of fact and conclusions of law are those of the trial court and they may be reversed only if they are clearly erroneous.” McGahee v. State, 885 So.2d 191, 229-30 (Ala.Crim.App.2003).’
“950 So.2d at 371.
“Thus, even when a circuit court adopts a proposed order in its entirety, the petitioner must show that the findings of fact and conclusions of law in that order are ‘clearly erroneous’ before an appellate court will reverse the order solely on the basis that the order was submitted by the State.”
*1241 Hodges v. State, [Ms. CR-04-1226, March 23, 2007] — So.3d -, - (Ala.Crim.App.2007).
In Ex parte Ingram, 51 So.3d 1119, 1122 (Ala.2010), the Alabama Supreme Court reaffirmed “the general rule ... that, where a trial court does in fact adopt the [prevailing party’s] proposed order as its own, deference is owed to that order in the same measure as any other order of the trial court.” The Court went on to state that “[i]n this unusual case, [it could not] conclude that the above-stated ‘general rule’ was applicable” because the adopted order contained indisputably false statements. Id. at 1123-24. Specifically, the judge who signed the State’s proposed order stated that he had presided over Ingram’s trial and had personal knowledge of the trial proceedings when, in fact, another judge had presided over the trial. Id. The Supreme Court then held that “the patently erroneous nature of the statements regarding the trial judge’s ‘personal knowledge’ and observations of Ingram’s capital-murder trial undermines any confidence that the trial court’s findings of fact and conclusions of law are the product of the trial judge’s independent judgment and that the ... order reflects the findings and conclusions of that judge.” Id. at 1125 (emphasis in the original). Because the order established that the conclusions were not those of the judge, the Supreme Court reversed the dismissal of Ingram’s Rule 32 petition. Id.
Later, in Ex parte Scott, [Ms. 1091275, March 18, 2011] — So.3d -, - (Ala.2011), the Alabama Supreme Court held that the circuit court erred in adopting verbatim as its order the State’s answer to a Rule 32 petition. After reaffirming its earlier decision in Ex parte Ingram, the Court held that it constitutes error for a circuit court to adopt the prevailing party’s answer because an answer “is infected with ... adversarial zeal [and] because an answer is a pleading that never is prepared with the pretense of impartiality.” Id. Because a party’s answer “is infected with ... adversarial zeal,” the “verbatim adoption of the State’s answer to [a] Rule 32 petition as its order, by its nature, violates [the Court’s] holding in Ex parte Ingram [that the circuit court’s order must] reflect the independent and impartial findings and conclusions of the trial court.” Id.
Unlike Ex parte Ingram, the circuit court’s order in this case does not contain statements that are “patently erroneous.” 51 So.3d at 1125. Also, unlike Ex parte Scott, the circuit court adopted the State’s proposed order as opposed to an answer “infected with ... adversarial zeal.”[6] — So.3d at-. Further, the circuit court’s order purports to constitute the circuit court’s independent judgment. For instance, in its order denying relief, the circuit court stated that it had “thoroughly reviewed and considered” Jenkins’s current Rule 32 petition, the State’s answer, the evidence presented at the evi-dentiary hearing on Jenkins’s first Rule 32 petition, and the record on direct appeal, prior to dismissing the current petition. Based on these facts, this Court holds that “the general rule ... that, where a trial court does in fact adopt the [prevailing party’s] proposed order as its own, deference is owed to that order in the same measure as any other order of the trial court,” Ex parte Ingram, 51 So.3d at 1122, applies, and no error resulted from the circuit court’s adoption of the State’s proposed order.
*1242 Moreover, even if the circuit court erred in adopting the State’s proposed order, that error, if any, would be harmless beyond a reasonable doubt. See Rule 45, Ala. R.App. P. As discussed in more detail below, Jenkins’s Rule 32 petition was time-barred on its face, and, as a matter of law, each of Jenkins’s arguments regarding why he believes the time limitation contained in Rule 32.2(c), Ala. R.Crim. P., does not apply to his Rule 32 petition lacks merit. See Rule 45, Ala. R.Crim. P.; of. Peraita v. State, 897 So.2d 1161, 1185 (Ala.Crim.App.2003) (holding that the circuit court’s erroneous determination was harmless when there was a valid alternative reason for the circuit court’s action); United States v. Abbas, 560 F.3d 660, 666-67 (7th Cir.2009) (holding that a trial court’s error is harmless when it had a valid alternative holding); Shedden v. Principi, 381 F.3d 1163, 1168 (Fed.Cir.2004) (same); Barton v. Gammell, 143 Ga.App. 291, 238 S.E.2d 445, 448 (1977) (holding that an erroneous finding is harmless when the trial court’s decision is supported by other grounds). Because Jenkins’s Rule 32 petition was on its face time-barred pursuant to Rule 32.2(c), Ala. R.Crim. P., error, if any, in the adoption of the State’s proposed order was harmless. Therefore, Jenkins is not entitled to any relief on this issue.
Next, Jenkins’s argument that the circuit court did not make independent findings of facts or conclusions of law because it lacked sufficient time to review all the records, pleadings, and the 24-page proposed order in the short time between receiving the State’s proposed order and adopting the order is based on the assumption that the circuit court was idle during the 55 days between when Jenkins filed his Rule 32 petition and when the circuit court dismissed the petition. Jenkins filed his Rule 32 petition on October 1, 2008. The State filed its answer and motion to dismiss Jenkins’s petition on October 31, 2008. The circuit court signed its order denying relief on November 25, 2008. Almost two months elapsed between the filing of Jenkins’s petition and the circuit court’s issuing its order. Contrary to Jenkins’s assertion, 55 days provided plenty of time for the circuit court to independently review the records and the pleadings filed by the parties.
In an alternative argument, Jenkins asserts that the circuit court “reached clearly erroneous conclusions”; therefore, it erred in adopting the State’s proposed order. (Jenkins’s brief, at 20.) Specifically, Jenkins asserts that the circuit court’s order erroneously stated:
“[T]his Court credits [L.V.’s] testimony that she did not have a close relationship with her sister, much less with her sister’s son, at the time of her nephew’s death and finds that it is reasonable to believe that she would not have mentioned his death when she was asked the very specific question of whether any of her ‘close relatives’ had been the victim of a crime. (R. 286; R2.10.)”
(2d R. 32 C. 72.) According to Jenkins, this statement was clearly erroneous because Juror L.V. stated that she was close to her sister.
The circuit court’s finding appears to have been based on the following exchange between Jenkins’s counsel and Juror L.V. during Jenkins’s first Rule 32 hearing:
“Q: Was [your nephew] murdered in March of 1971?
“A: Yeah, I guess. It has been a long time. I’m not sure.
“Q: Are you close to your sister, Pauline?
“A: Yes, I’m close to her. She and one more is all I have.
“Q: Does she live close to you?
*1243 “A: About three miles, I guess.
“Q: Do you have an opportunity to see her fairly often?
“A: I see her three times a week. She is old and I help take care of her.
“Q: At the time her son was murdered, did you have a lot of contact with her?
“A: No, because I worked then. We didn’t see as much of each other as we do now.
“Q: You were still close?
“A: Yes, of course.”
(1st R. 32 R. at 10-11.) Later, L.V. testified that when the venire was asked whether anyone’s close family member had been the victim of a crime, L.V. stated that her nephew “was the furtherest thing from [her] mind.” (1st R. 32 R. at 10.)
This Court has explained:
“ ‘ “ ‘[A] finding is “clearly erroneous” when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.’ United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).... If the [circuit] court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous. United States v. Yellow Cab Co., 338 U.S. 338, 342, 70 S.Ct. 177, 179, 94 L.Ed. 150 (1949); see also Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).” [Anderson v. City of Bessemer City, N.C.], 470 U.S. [564] at 573-74, 105 S.Ct. [1504] at 1511 [(1985)].’ ”
Barbour v. State, 903 So.2d 858, 862 (Ala.Crim.App.2004) (quoting Morrison v. State, 551 So.2d 435, 436-37 (Ala.Crim.App.1989)).
Here, there are “two permissible views of the evidence....” Id. Although L.V. testified that she was close to her sister, she also testified that at the time her nephew was murdered, she did not have much contact with her sister. L.V. also indicated that she did not remember when her nephew was murdered. Further, L.V. testified that during voir dire, her nephew’s murder “was the furtherest thing from [her] mind.” (1st R. 32 R. 10.) Based on the testimony indicating that L.V. did not have much contact with her sister at the time of her nephew’s murder, did not remember when her nephew was murdered, and did not think of her nephew’s murder during voir dire, this Court cannot say that the circuit court’s conclusion that L.V. was not close to her sister and nephew at the time of the nephew’s murder was clearly erroneous.
Moreover, even if this Court were to determine that the circuit court’s isolated statement was inaccurate, this determination would not render the circuit court’s ultimate holdings clearly erroneous. See State v. Smith, 85 So.3d 1063, 1071 (Ala.Crim.App.2010) (holding that the circuit court’s erroneous determination that trial counsel was unqualified as a matter of law to represent a capital defendant did not render the circuit court’s order granting Rule 32 relief clearly erroneous because the circuit court made extensive findings that were supported by the evidence and relied on numerous grounds in granting the petitioner relief). Here, the circuit court relied on multiple grounds to deny Jenkins’s request for relief and made extensive findings of fact that were sup *1244 ported by the evidence presented at trial and at the Rule 32 hearing. More importantly, as stated above and discussed in more detail below, Jenkins’s Rule 32 petition was time-barred on its face, and, as a matter of law, each of Jenkins’s arguments regarding why he believes the time limitation contained in Rule 32.2(c), Ala. R.Crim. P., does not apply to his Rule 32 petition lacks merit. See Rule 45, Ala. R.Crim. P.; cf. Peraita v. State, 897 So.2d 1161, 1185 (Ala.Crim.App.2003) (holding that the circuit court’s erroneous determination was harmless when there was a valid alternative reason for the circuit court’s action); United States v. Abbas, 560 F.3d 660, 666-67 (7th Cir.2009) (holding that a trial court’s error is harmless when it had a valid alternative holding); Shedden v. Principi, 381 F.3d 1163, 1168 (Fed.Cir.2004) (same); Barton v. Gammell, 143 Ga.App. 291, 238 S.E.2d 445, 448 (1977) (holding that an erroneous finding is harmless when the trial court’s decision is supported by other grounds). Therefore, this Court cannot say that the circuit court’s isolated statement rendered the order clearly erroneous.
Because the circuit court had sufficient time to review all the records and pleadings pertaining to Jenkins’s claim and because Jenkins has not shown that the circuit court’s order denying relief was clearly erroneous, he has not established that the circuit court erred in adopting the State’s proposed order. Therefore, Jenkins is not entitled to any relief based on this issue.
B.
Jenkins next contends the circuit court erred in denying relief on his petition before considering his reply to the State’s answer and motion to dismiss. The State argues that Rule 32 does not provide for the filing of a reply to the State’s response and that, even if it did, any error was harmless. This Court agrees with the State.
Rule 32.6(a), Ala. R.Crim. P., provides that “[a] proceeding under this rule is commenced by filing a petition, verified by the petitioner or the petitioner’s attorney, with the clerk of the court.” Rule 32.6(b), Ala. R.Crim. P., requires a petitioner to disclose the full factual basis establishing entitlement to relief, including any facts necessary to overcome the procedural bars contained in Rule 32.2, Ala. R.Crim. P. See Ex parte Ward, 46 So.3d 888, 897 (Ala.2007) (“[W]hen a Rule 32 petition is' time-barred on its face, the petition must establish entitlement to the remedy afforded by the doctrine of equitable tolling. A petition that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be summarily dismissed .... ”). Rule 32.7(a), Ala. R.Crim. P., allows the State 30 days to file a response to the Rule 32 petition. There is, however, no provision in Rule 32 for the petitioner — who, pursuant to Rule 32.6(b), Ala. R.Crim. P., should have included the full factual basis for his request for relief and each of his legal assertions in his Rule 32 petition — to file a reply to the State’s response.
Furthermore, there is no provision in Rule 32 that requires the circuit court to await a response from the State before dismissing a Rule 32 petition. Instead, as Alabama courts have repeatedly held, “Rule 32.7(d), Ala. R.Crim. P., allows the trial court to summarily dismiss a Rule 32 petition that, on its face, is precluded or fails to state a claim, and [the Alabama Supreme Court has] held that the trial court may properly summarily dismiss such a petition without waiting for a re *1245 sponse to the petition from the State.” Ex parte Ward, 46 So.3d at 897 (citing Bishop v. State, 608 So.2d 345, 347-48 (Ala.1992) (“Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.”)).
Recognizing these principles, this Court, in Beekworth v. State, [Ms. CR-07-0051, May 1, 2009] — So.3d -, - (Ala.Crim.App.2009), rejected Jenkins’s argument. Three days after the State filed its response to Beckworth’s Rule 32 petition and without allowing Beekworth to file a reply, the circuit court summarily dismissed Beckworth’s petition. Id. On appeal, Beekworth argued, among other things, “that the trial court abused its discretion when it dismissed the petition only three days after the State filed its answer....” Id. This Court disagreed and held that because “the trial court may properly summarily dismiss a Rule 32 petition even before it receives from the State a response to the petition ...[,] [n]o error occurred as a result of the trial court’s entry of the judgment within days of its receipt of the State’s response.” Id. See Bishop v. State, 608 So.2d at 347-48 (holding that where a simple reading of a petition for postconviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court may summarily dismiss that petition without requiring a response from the district attorney). Similarly, this Court holds that the circuit court did not err in dismissing Jenkins’s petition prior to receiving a reply to the State’s answer and motion to dismiss.
Moreover, even if Jenkins did have a right to file a reply to the State’s answer and motion to dismiss, any error the circuit court committed in signing the order dismissing the petition without the reply was harmless. See Rule 45, Ala. R.Crim. P. As discussed below, Jenkins filed his reply after the circuit court signed the order dismissing the petition but well before the circuit court entered its order. Therefore, Jenkins had the opportunity to plead his arguments before the circuit court and to preserve his arguments for appellate review. More importantly, this Court has thoroughly reviewed the arguments contained in Jenkins’s reply and, as will be discussed later in this opinion, is convinced that those arguments would not have altered the outcome of his Rule 32 proceedings.[7] See Rule 45, Ala. R.App. P.; Ex parte Williams, 987 So.2d 1122, 1126 (Ala.2007) (“[B]efore the reviewing court can affirm a judgment based upon the ‘harmless error’ rule, that court must find conclusively that the trial court’s error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant.”) (citations and quotations omitted). Therefore, Jenkins is not entitled to any relief based on this issue.
C.
Jenkins next argues that his right to due process was violated because he did not receive notice that the circuit court had signed the November 25, 2008, order dismissing the petition until December 23, 2008. According to Jenkins, the circuit *1246 court retained jurisdiction to entertain a motion to reconsider for only 30 days after signing the order dismissing the petition. He then argues that because he did not receive notice of the dismissal until 28 days after the circuit court signed the order, he had only two days to file his motion to reconsider and the circuit court had only two days to consider that motion. Jenkins then argues that because those remaining two days included the Christmas holiday, his motion did not receive consideration in violation of his right to due process. This Court disagrees.
The circuit court rendered its judgment dismissing Jenkins’s Rule 32 petition on November 25, 2008, when it signed the State’s proposed order. See Rule 58(a), Ala. R. Civ. P. (“A Judge may render an order or judgment ... by execution a separate written document....”). According to Jenkins, he received notice of the circuit court’s action on December 23, 2008. The circuit court, however, did not enter its judgment for finality and timing purposes until January 2, 2009, when the order was entered into the State Judicial
Information System.[8] See Rule 58(c), Ala. R. Civ. P. (“An order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.”); see also Ex parte Wright, 860 So.2d 1253,1254 (Ala.2002) (Rule 58(c), Ala. R. Civ. P., governs when an order dismissing a Rule 32 petition is entered for timing purposes.). Accordingly, Jenkins received notice of the circuit court’s order dismissing his Rule 32 petition 10 days before that order was entered and became final. Under these facts, this Court holds that Jenkins received timely notice of the entry of the circuit court’s judgment.[9]
Moreover, even if Jenkins did receive notice in an untimely manner, this Court would not remand this cause for further proceedings because any error was harmless. Rule 45, Ala. R.App. P. Here, Jenkins filed his motion to reconsider within 30 days of the circuit court signing the order dismissing his Rule 32 petition, and he filed a timely notice of appeal. Thus, *1247 he did not lose the opportunity to preserve any arguments. Further, this Court has thoroughly reviewed the assertions contained in all the pleadings Jenkins filed after the circuit court signed its order dismissing the petition. After thoroughly reviewing all of Jenkins’s pleadings, this Court is convinced that none of the arguments contained in those pleadings would have altered the outcome of his Rule 32 proceedings. See Ex parte Williams, 987 So.2d at 1126 (“[BJefore the reviewing court can affirm a judgment based upon the ‘harmless error’ rule, that court must find conclusively that the trial court’s error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant.”) (citations and quotations omitted).
Because Jenkins timely filed his motion to reconsider and notice of appeal and because none of the arguments contained in the pleadings filed after the circuit court signed its order dismissing the Rule 32 petition would have altered the outcome of the proceedings, any delay in notifying Jenkins of the order was harmless. Rule 45, Ala. R.App. P. Therefore, Jenkins is not entitled to any relief based on this issue.
III.
Jenkins next argues that the circuit court erroneously determined that his Rule 32 petition was time-barred pursuant to Rule 32.2(c), Ala. R.Crim. P. First, Jenkins argues that the time limitation contained in Rule 32.2(c), Ala. R.Crim. P., does not apply to a successive petition filed pursuant to Rule 32.2(b)(2), Ala. R.Crim. P., based on a “new ground” for relief or based on a new rule of law. Jenkins then asserts that the Alabama Supreme Court “changed the law in Alabama with respect to when juror misconduct claims may be raised” when it decided Ex parte Burgess, 21 So.3d 746 (Ala.2008). (Jenkins’s brief, at 34.) According to Jenkins, because he based his juror-misconduct claim on the “new ground” for Rule 32 relief that the Supreme Court established in Ex parte Burgess and because he filed his second Rule 32 petition within six months of the Supreme Court’s release of its opinion in Ex parte Burgess, the time limitation contained in Rule 32.2(c), Ala. R.Crim. P., does not bar relief. Alternatively, Jenkins argues that even if the time limitation contained in Rule 32.2(c), Ala. R.Crim. P., does apply, he was entitled to equitable tolling because his juror-misconduct claim was based on the “new law” established in Ex parte Burgess. Again, Jenkins asserts that in Ex parte Burgess, the Alabama Supreme Court created a new law governing when juror-misconduct claims may be asserted and that this new law was not created until after the time limitation on his Rule 32 petition had expired; therefore, he is entitled to equitable tolling. This Court disagrees.
Each of Jenkins’s arguments regarding why his petition is not barred by the time limitation contained in Rule 32.2(c), Ala. R.Crim. P., is based on the premise that the Alabama Supreme Court established a “new law” or a “new ground” for Rule 32 relief in Ex parte Burgess. Contrary to Jenkins’s assertions, the Alabama Supreme Court did not establish a new law in Ex parte Burgess; instead, it held that this Court had misapplied existing law. In Ex parte Burgess, the Alabama Supreme Court granted certiorari review “to determine whether the decision [of this Court, holding that Burgess’s juror-misconduct claim was procedurally barred pursuant to Rule 32.2(a)(3) and (a)(5), Ala. R.Crim. P.,J conflicted] with Ex parte Pierce, 851 So.2d 606 (Ala.2000), Ex parte Dobyne, 805 So.2d 763 (Ala.2001), and DeBruce v. State, 890 So.2d 1068 (Ala.Crim.App.2003).” Ex parte Burgess, 21 So.3d at 750. In Ex *1248 parte Pierce, the Alabama Supreme Court established that a juror-misconduct claim could be raised as a constitutional claim pursuant to Rule 32.1(a), Ada. R.Crim. P., and would not be procedurally barred pursuant to Rule 32.2(a)(3) and (a)(5), if the petitioner proved by a preponderance of the evidence “that the information was not known, and could not reasonably have been discovered, at trial or in time to raise the issue in a motion for new trial or on appeal.” 851 So.2d at 616-17. The Supreme Court’s holding in Pierce was reaffirmed in Ex parte Dobyne, 805 So.2d 763, 768 (Ala.2001), and DeBruce v. State, 890 So.2d 1068 (Ala.Crim.App.2003).
In Ex parte Burgess, the Alabama Supreme Court reviewed this Court’s affirmance of the summary dismissal of Burgess’s Rule 32 petition in which Burgess alleged that jurors had failed to disclose information during voir dire. Although Burgess had alleged that the juror-misconduct claim was not known to him and “that he could not have reasonably discovered the alleged juror misconduct in time to raise the claims in a motion or a new trial or on appeal,” this Court held that his claims were procedurally barred because they could have been, but were not, raised at trial and on direct appeal. Ex parte Burgess, 21 So.3d at 754 (emphasis in original). The Alabama Supreme Court reversed this Court’s decision, holding that this Court had erroneously applied the standard established in Ex parte Pierce, 851 So.2d 606, and Ex parte Dobyne, 805 So.2d 763, regarding what a Rule 32 petitioner must establish to overcome the procedural bars contained in Rule 32.2(a)(3) and (a)(5), Ala. R.Crim. P. Specifically, the Alabama Supreme Court, relying on Ex parte Pierce, 851 So.2d 606, held that a Rule 32 petitioner can overcome the procedural bars contained in Rule 32.2(a)(3) and (a)(5), Ala. R.Crim. P., if that petitioner shows that he was unaware of and “that he could not have reasonably discovered the alleged juror misconduct in time to raise the claims in a motion or a new trial or on appeal.”[10] Ex parte Burgess, 21 So.3d at 754. See also Ex parte Pierce, 851 So.2d at 616 (“Pierce’s [juror-misconduct] claim was cognizable as long as he established that the information was not known, and could not reasonably have been discovered, at trial or in time to raise the issue in a motion for new trial or on appeal.”). Accordingly, the Supreme Court did not, as Jenkins argues, establish a new rule of law or a new ground for Rule 32 relief when it decided Ex parte Burgess.[11] Instead, it determined that this Court had erroneous *1249 ly applied the standard established in Ex parte Pierce, 851 So.2d at 616.
Because the Alabama Supreme Court did not establish a new law or a new ground for Rule 82 relief in Ex parte Burgess, Jenkins’s assertion that the release of that case exempted his juror-misconduct claim from the application of the time limitation contained in Rule 82.2(c), Aa. R.Crim. P., is without merit. Likewise, because the Aabama Supreme Court did not establish a new law or a new ground for Rule 32 relief in Ex parte Burgess, Jenkins is not entitled to equitable tolling based on the release of that case. See Fitts v. Eberlin, 626 F.Supp.2d 724, 733 (N.D.Ohio 2009) (“Given that no new rule exists that applies to [the petitioner’s] case, [his] plea for equitable tolling ... must fail.”). Therefore, unless Jenkins filed his Rule 32 petition before the time limitation expired, this circuit correctly dismissed the petition pursuant to Rule 32.7(d), Aa. R.Crim. P. See Wood v. State, 891 So.2d 398, 420 (Aa.Crim.App.2003) (holding that juror-misconduct claims are nonjurisdictional); Bowen v. State, 899 So.2d 310, 312 (Aa.Crim.App.2004) (holding that nonjurisdictional, constitutional claims are subject to the procedural bars set forth in Rule 32, Aa. R.Crim. P.); Tucker v. State, 956 So.2d 1170, 1171 (Aa.Crim.App.2006) (holding that nonjurisdictional claims are subject to the time limitation contained in Rule 32.2(c), Aa. R.Crim. P.).
Rule 32.2(c), Aa. R.Crim. P., provides: “Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Aa.R.App. P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses; provided, however, that the time for filing a petition under Rule 32.1(f) to seek an out-of-time appeal from the dismissal or denial of a petition previously filed under any provision of Rule 32.1 shall be six (6) months from the date the petitioner discovers the dismissal or denial, irrespective of the one-year deadlines specified in the preceding subparts (1) and (2) of this sentence; and provided further that the immediately preceding proviso shall not extend either of those one-year deadlines as they may apply to the previously filed petition. The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable one-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the one-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1,1987.”
The Aabama Supreme Court affirmed this Court’s judgment affirming Jenkins’s capital-murder convictions and sentences of death on May 28, 1993, Ex parte Jenkins, 627 So.2d 1054, and this Court issued its certificate of judgment on October 28, 1993. Jenkins did not file his current Rule 32 petition until October 1, 2008, well after the time limitation contained in Rule 32.2(c), Aa. R.Crim. P., had expired. Because Jenkins filed his Rule 32 petition after the time limitation had expired, the *1250 circuit court correctly dismissed it pursuant to Rule 32.7(d), Ala. R.Crim. P.[12]
For the foregoing reasons, the judgment of the circuit court is affirmed.
APPLICATION FOR REHEARING OVERRULED; OPINION OF DECEMBER 17, 2010, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
WELCH, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

. This Court’s decision on direct appeal provides a detailed account of the facts of Jenkins's crime. Jenkins, 627 So.2d at 1037-40. Therefore, this Court will not repeat those facts, many of which are not relevant to the issues before this Court.

. This Court has taken judicial notice of all of its records relating to Jenkins’s previous proceedings, including, but not limited to, the transcripts of Jenkins’s direct appeal and the transcripts of Jenkins’s first Rule 32 proceedings. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992).

. The juror-misconduct claim raised in Jenkins’s first amended Rule 32 petition is the only claim relevant to his appeal from the dismissal of his successive Rule 32 petition.

. In his brief to this Court, Jenkins asserts that: "The State filed no response to Mr. Jenkins’[s] amended petition prior to the conclusion of the evidentiary hearing. After the hearing concluded, the State argued for the first time that Mr. Jenkins'[s] juror misconduct claim should be precluded under Rule 32.2(a) because it could have been raised at trial or on direct appeal." (Jenkins’s brief, at 5.) Contrary to Jenkins’s assertion to this Court, the State filed its response to his amended Rule 32 petition and asserted the procedural bars prior to the conclusion of the evidentiary hearing.

. At trial, Jenkins was represented by Douglas Scofield and Stan Downey. (R. 270-449.) Although Jenkins was represented by two attorneys at trial, Scofield was the only attorney to testify at the Rule 32 hearing. (1st R. 32 R. at 278-420.)

. In Ex parte Scott, the Court emphasized that it did “not even have the benefit of an order proposed or ‘prepared’ by a party; rather the order [was] a judicial incorporation of a party’s pleading_” Ex parte Scott, - So.3d at-.

. In his brief to this Court, Jenkins asserts that he was prejudiced by the circuit court’s decision to sign the order dismissing his petition before receiving his reply because ‘‘[a]t the time the circuit court signed the State’s order, the only pleading it had received from Mr. Jenkins was his successive petition, which contained only factual allegations and no legal arguments." (Jenkins's brief, at 25) (emphasis added). Jenkins’s assertion is belied by the record. (2d R. 32 C. 3-17.)

. The amendment to Rule 58(c), Ala. R. Civ. P., providing that a judgment is entered for finality purposes when the order is entered into the State Judicial Information System became effective on September 19, 2006. The Committee Comments to the 2006 amendment to Rule 58(c), Ala. R. Civ. P., explain:
"Rule 58(c) is amended to provide for an unambiguous and universally available record of the entry of judgment. Upon occasion, the loose-leaf docket sheets or case action summary sheets have been misplaced after a judgment has been entered, or the circuit clerk failed to mail notice of the entry of judgment, such that the time for filing a notice of appeal began to run without the losing party's having effective notice of the entry of judgment or the deadline for filing a notice of appeal_ [Under Rule 58(c), Ala. R. Civ. P., as amended,] [t]he electronic records input into the [State Judicial Information System] are available both in the clerks’ offices and through remote access over the Internet. Thus, under the amended rule, an attorney or a party will have virtually instant access to the information that judgment has been entered.”

. On January 9, 2009, the circuit court issued an order holding that it lacked jurisdiction to rule on Jenkins’s motion to reconsider and his motion to amend his petition. Jenkins does not argue on appeal that the circuit court’s rulings were erroneous; therefore, these issues are not before this Court. See Pardue v. Potter, 632 So.2d 470, 473 (Ala.1994) ("Issues not argued in the appellant's brief are waived.”). However, even if these issues were properly before this Court, Jenkins invited any error in the circuit court's ruling by erroneously asserting in his motion to reconsider that the circuit court would lose jurisdiction on December 25, 2008. See Ex parte Worley, 102 So.3d 428, 434 (Ala.2010).

. This Court notes that Jenkins, during his first Rule 32 proceeding, failed to prove by a preponderance of the evidence "that the information [relating to his juror-misconduct claim] was not known, and could not reasonably have been discovered, at trial or in time to raise the issue in a motion for new trial or on appeal,” Ex parte Pierce, 851 So.2d at 616-17, because Jenkins failed to elicit any testimony from trial counsel indicating that counsel was unaware of the claim. Because Jenkins failed to meet his burden to establish that the claim was unknown, this Court correctly applied Ex parte Pierce, 851 So.2d at 616-17, and held that the claim was procedurally barred because it could have been, but was not, raised at trial or on direct appeal. Jenkins v. State, 972 So.2d at 168.

. Jenkins cites King v. State, 689 So.2d 931 (Ala.Crim.App.1997), Rice v. State, 682 So.2d 485 (Ala.Crim.App.1996), and Mitchell v. State, 547 So.2d 1194 (Ala.Crim.App.1989), in support of his proposition that Rule 32 claims based on newly decided cases are not subject to the time limitation contained in Rule 32.2(c), Ala. R.Crim. P. Unlike Jenkins’s non-jurisdictional claim, the petitioners in each of these cases raised jurisdictional claims that, by their nature, are not subject to the time limitation contained in Rule 32.2(c), Ala. R.Crim. P. Therefore, these cases do not support his argument.

. Because this Court has affirmed the dismissal of Jenkins’s petition based on Rule 32.2(c), Ala. R.Crim. P., it will not discuss the circuit court's alternative reasons for dismissing the petition.